**AFFIRM; and Opinion Filed February 22, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01488-CV

### THE STATE OF TEXAS, Appellant
### V.
### T. S. N., Appellee

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-02723-2015**

## OPINION

Before Justices Bridges, Lang-Miers, and Schenck
Opinion by Justice Schenck

The State appeals the trial court's order granting T.S.N.'s petition for expunction of criminal records related to her arrest and subsequent acquittal for aggravated assault with a deadly weapon. In a single issue, the State asserts the trial court erred by granting expunction because T.S.N. was not exonerated of a separate theft offense for which she was also arrested.[1] Thus, the issue before this Court is whether T.S.N.'s guilty plea to the theft charge precludes expunction of records related to the aggravated assault charge for which she was acquitted. We conclude it does not. Accordingly, we affirm the trial court's order of expunction.

---

[1] T.S.N. was arrested for aggravated assault and theft by check. While T.S.N. was acquitted of the offense of aggravated assault, she was convicted of the offense of theft.

BACKGROUND

On October 15, 2010, T.S.N. was charged with the misdemeanor offense of theft by check. TEX. PENAL CODE ANN. § 31.06 (West Supp. 2016). The theft was alleged to have occurred in 2009. A warrant was issued for her arrest on that charge on November 16, 2010.

Over two and one-half years later, on June 11, 2013, T.S.N. was arrested on an unrelated felony charge of aggravated assault with a deadly weapon. TEX. PENAL CODE ANN. §§ 22.01, 22.02 (West 2014). The arrest stemmed from T.S.N.'s attempt to stop the repossession of her vehicle. During the course of that arrest, the responding officer discovered the outstanding warrant on the theft charge, and took the opportunity to execute that warrant at the same time.

The theft charge was filed in County Court at Law No. 6 in Collin County under cause number 006-87850-10. The aggravated assault charge was filed in the 366th Judicial District Court in Collin County under cause number 366-82065-2015. T.S.N. pleaded guilty to the theft charge on June 27, 2013, and was convicted. Thereafter, her supervision was revoked, and she was sentenced to forty-five days in jail. As to the aggravated assault charge, T.S.N. pleaded not guilty and a jury acquitted her of that offense.

T.S.N. filed a petition for expunction in the 366th Judicial District Court seeking to expunge all records and files related to her arrest for aggravated assault pursuant to article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A) (West Supp. 2016). T.S.N. did not seek to expunge any of the records related to the misdemeanor theft offense to which she had pleaded guilty and had been convicted. The State and the Texas Department of Public Safety opposed the petition for expunction, arguing T.S.N. was not entitled to an expunction of the requested records because she was convicted of an offense for which she was simultaneously arrested, namely theft.

At the expunction hearing, the parties stipulated to the following facts. T.S.N. was charged by information for the misdemeanor offense of theft on October 15, 2010, for checks she wrote on May 10, May 13, and November 17, 2009. On November 16, 2010, Collin County Court at Law No. 6 issued a warrant for T.S.N.'s arrest on the theft charge. On June 11, 2013, T.S.N. was arrested for aggravated assault with a deadly weapon. When she was arrested, the police also executed the arrest warrant previously issued by the Collin County Court at Law. T.S.N. pleaded guilty to the theft charge on June 27, 2013, and she was convicted. T.S.N. pleaded not guilty to the aggravated assault with a deadly weapon charge and was acquitted by a jury on June 10, 2015.

At the conclusion of the hearing, the trial court granted T.S.N.'s petition for expunction. The State perfected this appeal challenging the trial court's ruling.

## STANDARD OF REVIEW

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Ex parte Jackson*, 132 S.W.3d 713, 715 (Tex. App.—Dallas 2004, no pet.). A trial court abuses its discretion if it fails to analyze or apply the law correctly. *Collin Cnty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.—Dallas 2014, no pet.). Thus, to the extent a ruling on an expunction request turns on a question of law, we review that ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.). Because the parties stipulated to the facts, we review the trial court's decision to determine whether the trial court correctly applied the law to the facts.

## DISCUSSION

Expunction of criminal records is governed by article 55.01 of the Texas Code of

Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West 2006 & Supp. 2016).[2] In this case, T.S.N. sought expunction pursuant to subsection (a)(1), which provides, in relevant part:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> (1) the person is tried for the offense for which the person was arrested and is:
>
> (A) acquitted by the trial court, except as provided by Subsection (c)[.]

. . . .

*Id.* art. 55.01(a)(1)(A). Subsection (c) creates an exception to the right to expunction of records related to an arrest, despite a subsequent acquittal, where the acquitted offense was part of a single criminal episode for which the defendant remains at jeopardy. *Id.* art. 55.01(c).[3]

The State, relying on several opinions from our sister courts of appeals, urges that article 55.01 is "arrest based" and claims, therefore, that the aggravated assault and theft charges were part of the same arrest, if not a single criminal episode. As such, goes the argument, the records concerning one charge cannot be expunged absent a showing both charges are eligible for expunction under the statute. To its credit, the State acknowledges article 55.01(c)'s sole exception to expunction—for offenses that are part of a single criminal episode—but goes on to urge that the right to expunction must stand or fall on the acquittal of all offenses that might be grounds for a single arrest, regardless of how numerous or remote the unrelated offenses might be. Were it otherwise, says the State, a single acquittal, as here, might compel expunction of offenses for which the accused was actually convicted, depriving the State of its legitimate

[2] Amendments to article 55.01 became effective on January 1, 2017. Because T.S.N. sought and obtained expunction prior to January 1, 2017, we use the version of article 55.01 in effect at that time.

[3] A criminal episode involves the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, that are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan, or are the repeated commission of the same or similar offenses. TEX. PENAL CODE ANN. § 3.01 (West 2011).

interest in accurate record keeping. We believe the article properly read accounts for the State's concerns and allows expunction of records related to an offense unrelated to another that supported a single arrest.

The cases to which the State directs our attention are materially inapposite in that they involve: (i) requests for expunction under article 55.01(a)(2),[4] which addresses different language and a different posture from article 55.01(a)(1), *see, e.g., Travis Cnty. Dist. Atty. v. M.M.*, 354 S.W.3d 920, 927 (Tex. App.—Austin 2011, no pet.); (ii) dismissal of charges as part of a plea bargain, not an acquittal by the trial court that would trigger our operative statutory language, *see, e.g., T.H. v. Tex. Dep't of Pub. Safety*, No. 03-15-00304-CV, 2016 WL 5874869 (Tex. App.—Austin Oct. 6, 2016, no pet.); *see also Ex parte S.D.*, 457 S.W.3d 168, 172 (Tex. App.—Amarillo 2015, no pet.); or (iii) offenses stemming from the same criminal episode, putting them squarely in the explicit exception of subsection (c), *see, e.g., Texas Dep't of Pub. Safety v. M.R.S.*, 468 S.W.3d 553, 557 (Tex. App.—Beaumont 2015, no pet.), not unrelated offenses as here.[5] Thus, while informative, none of these cases provides cogent guidance to the question confronting us in this case. Indeed, neither party to this appeal cites us to any authority on all fours with this case and we have found none. Therefore, this is a case of first impression and we proceed accordingly.

The Code Construction Act controls when interpreting the Texas Code of Criminal Procedure. TEX. GOV'T CODE ANN. §§ 311.001-.006 (West 2013); *Barbee v. State*, 432 S.W.2d

---

[4] Article 55.01(a)(2) allows for expunction if no indictment or information has been presented for an offense arising out of the transaction for which the person was arrested and the limitations period has expired, or the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or the like, or the defendant has been released from the charge and there was no court-ordered community supervision under article 42.12 for any offense other than a Class C misdemeanor. *Id.* art. 55.01(a)(2).

[5] We observe that the San Antonio Court of Appeals issued an opinion after the submission in this case that found an accused not to be entitled to expunction of records concerning a claim the State dismissed when the accused pleaded guilty to another unrelated offense. *See Ex parte S.E.W.*, No. 04-16-00255-CV, 2017 WL 603644 (Tex. App.—San Antonio Feb. 15, 2017, no pet. h.). We note that the accused in that case requested expunction under article 55.01(a)(2), not article 55.01(a)(1). To be sure, the court rejected the accused's argument that her records should be expunged because her arrest was for two unrelated offenses. To the extent its language could be said to reach beyond the apparent plea bargain there and to 55.01(a)(1), we would disagree.

78, 82 (Tex. Crim. App. 1968), *cert. denied,* 395 U.S. 924, 89 S.Ct. 1779, 23 L.Ed.2d 241 (1969). To be sure, when we interpret a statute, whether or not ambiguous, a court may consider the object sought to be obtained and the legislative history. TEX. GOV'T CODE ANN. §§ 311.023(1), (3). The best evidence of that legislative intent, however, is the actual words the legislature employed. TEX. GOV'T CODE ANN. § 311.011; ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 56 (2012).

The State offers a "plain language" reading of the statute that would require *all* records and files related to an "arrest" to be expunged, even if the accused is arrested for more than one offense and the offenses are completely unrelated. So urges the State, construing the statute to permit expunction of the record of T.S.N.'s acquitted assault charge would likewise require the State to expunge the records related to her theft conviction, resulting in a needlessly incomplete record of the truth of her background. This argument turns on an unnaturally cabined understanding of the word "arrest" and its isolation from the concept of an "offense" in both common parlance and as used in article 55.01. We believe the legislature was aware of the natural correlation between an "offense" and an "arrest" as reflected in the language it used in the general expunction provision of (a)(1) and its exception in subsection (c).

First, the ordinary accepted meaning of the word, "arrest," as used in this statute, also links itself quite naturally to *an* offense on its own and regardless of the balance of the statute. This leads us to believe the law dictionary definition of arrest as "[t]he taking or keeping of a person in custody by legal authority, especially in response to *a* criminal charge" is the best source of the legal definition of the term "arrest" and recognizes *a* criminal charge. BLACK'S LAW DICTIONARY (10th ed. 2014).

Next, signaling its understanding of the operative word—"arrest"—the legislature in article 55.01(a)(1)(A) provided that a person who is tried and acquitted of *the offense* for which

he was *arrested* is entitled to have all records and files relating to the "arrest" expunged. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A) (emphasis added).[6] As such, the right to expunction is linked at the outset to the particular "offense."[7] The possibility that a subsequent acquittal for the offense might unjustly deprive the State of its legitimate interest in accurate record keeping is addressed in subsection (c), which forecloses expunction where the defendant has been convicted or remains in jeopardy for any related "offense."

The State's construction of the phrase "all records and files relating to the arrest" to encompass all files and records related to multiple separate offenses, which in turn might be included as multiple causes to justify a single apprehension, ignores the statute's reference to a single offense and the understanding of an arrest, trial, and generally to a criminal charge. While the State notes the possibility of multiple offenses being tried in a single case unlike this one, the legislature separately dealt with the prospect that more than one charging instrument may involve a single criminal action by enacting the consolidation and joinder of prosecutions statute and creating an exception to expunction if more than one offense occurs during a criminal episode. *See* TEX. PENAL CODE ANN. § 3.02 (West 2011); TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)(A). All of this leads to a plain result: while a person may surely be "arrested" for multiple "offenses," and may just as surely be "charged" and tried for multiple "offenses" in a single trial, as the State urges, where the arrest includes offenses for which the defendant could

---

[6] The notion that a word's intended meaning can be informed by the remaining statutory text is well accepted. *See Tate & Lyle, Inc. v. Comm'r,* 87 F.3d 99, 105 (3d Cir. 1996) ("Words are not pebbles in alien juxtaposition; they have only a communal existence; and not only does the meaning of each interpenetrate the other, but all in their aggregate take their purport from the setting in which they are used . . . . ." (citing *NLRB v. Federbush Co.,* 121 F.2d 954, 957 (C.A.2 1941) (L. Hand, J.)); 1 Edward Coke, *The First Part of the Institutes of the Laws of England, or a Commentary upon Littleton* § 728, at 381a (1628; 14th ed. 1791) ("It is the most natural and genuine exposition of a statute to construe one part of the statute by another part of the same statute, for that best expresseth the meaning of the makers.").

[7] In 2015, the Texas Legislature attempted to address the confusion that the interchangeable use of the terms "arrest," "charge," and "offense" had created in the law of expunction by enacting a bill to amend article 55.01 to change the statute's reference from "records and files relating to the arrest" to "records and files relating to *the offense* for which the person was arrested." See Senate Research Center, Bill Analysis, Tex. H.B. 3579, 84th Leg., R.S. (2015). The governor vetoed the bill so the amendment did not become law. We recognize that subsequent legislative efforts to amend statutes that do not succeed are not controlling weight, but we note that the governor vetoed the bill because he was concerned that the amendment would allow courts to expunge *dismissed* criminal charges even when the defendant was convicted of other, related charges. *See* Veto Message of Gov. Abbott, Tex. H.B. 3579, 84th Leg., R.S. (2015). As we note here, the obvious definition of "arrest" should allow the expunction of records of an arrest of an offense that is not related to other charges.

not be charged and tried in the aggregate, the arrest—and any subsequent expunction—stands or falls on each unrelated charge.

Viewing the language of the expunction statute, and considering the statute's plain language linking an "arrest" to an "offense," we conclude that an admission of guilt to an offense that does not arise from the same criminal episode as an offense for which the accused is acquitted and for which the accused was charged prior to being arrested does not bar an expunction of records concerning the acquitted offense. Our construction of article 55.01(a)(1) to allow expunction under the facts of this case—in which it is apparent that the acquitted and pleaded to charges did not relate to a single instance of criminal conduct—does not lead to absurd results, as the State warns; it avoids them.

We conclude the trial court did not abuse its discretion when it granted T.S.N.'s petition for expunction. Accordingly, we overrule the State's sole issue.

## CONCLUSION

We affirm the trial court's order of expunction.

/DAVID J. SCHENCK/
DAVID J. SCHENCK
JUSTICE

151488F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-15-01488-CV        V.

T.S.N., Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas

Trial Court Cause No. 366-02723-2015.

Opinion delivered by Justice Schenck.

Justices Bridges and Lang-Miers participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee T.S.N. recover her costs of this appeal from appellant THE STATE OF TEXAS.

Judgment entered this 22nd day of February, 2017.