

**IN THE
TENTH COURT OF APPEALS**

**No. 10-16-00278-CV**

**EX PARTE R.L.S.**

**From the 77th District Court
Limestone County, Texas
Trial Court No. 1096-A**

## MEMORANDUM OPINION

R.L.S. appeals the trial court's denial of his petition for expunction. Because R.L.S. was not entitled to expunction, the trial court's judgment is affirmed.

**BACKGROUND**

The material facts are not in dispute. In 1985, R.L.S. was indicted for the offense of burglary of a habitation in Freestone County. In 1986, R.L.S. turned himself in to Freestone County officials and left moments later, having posted bail for the offense. The next month, R.L.S. was arrested in Limestone County for driving with a suspended license (DWLS). He was also arrested on a warrant for the burglary of a habitation offense in Freestone County for which he had already posted bail and on warrants from the City

of Mexia.[1] According to R.L.S., Limestone County officials learned that R.L.S. was not the person to whom the City of Mexia citations were issued and that the warrant from Freestone County regarding the burglary of a habitation offense was inactive. R.L.S. was permitted to post bail for the DWLS offense. Three days after this arrest in Limestone County, R.L.S. pled guilty to the burglary of a habitation offense and received deferred adjudication community supervision. In 2016, R.L.S. filed his petition for expunction of the Limestone County arrest.[2]

## PRELIMINARY MATTERS

Because several matters raised by R.L.S. may dispose of the appeal, we discuss those matters first before determining R.L.S.'s issues regarding whether the trial court erred in denying the petition for expunction.

### Standing

We first consider R.L.S.'s standing argument. In response to the County's motion for extension of time to file its appellate brief after R.L.S. had filed his brief, R.L.S. asserted that the County did not have "standing" because it did not possess any records to be expunged. He further asserted that nothing in the motion for extension of time stated that the County represented any other party. Thus, his argument continued, the County

---

[1] The arrest report in the record indicates that R.L.S. was arrested for DWLS and for burglary of a habitation from Freestone County. It does not indicate that R.L.S. was arrested for warrants from the City of Mexia. This discrepancy is immaterial to the disposition of this appeal.

[2] Since the petition for expunction was filed, the statute has been amended. Reference in this opinion to the statute regarding expunctions is to the 2011 version of the statute which was in effect at the time the petition was filed.

was not a party and did not represent a party that had standing. When we granted the County's motion for extension of time to file its brief, we did so without prejudice to R.L.S., or this Court, raising a standing issue at a future date. The County then briefed the issue of standing and R.L.S. responded.

As a general rule, to have standing, unless it is conferred by statute, a plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury. *Williams v. Huff*, 52 S.W.3d 171, 178 (Tex. 2001) (emphasis added). Here, the County was not the plaintiff in this expunction proceeding. Further, the County is not the appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a) (amended 2011) ("…an agency protesting the expunction may appeal….). Thus, the County's standing is not the issue.

R.L.S.'s assertions, as best as we can decipher, pertain to whether the County had the capacity, or authority, to act when it did not have any records to be expunged. Although courts and parties have sometimes blurred the distinction between standing and capacity, there is a distinction, nonetheless. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). *See e.g. In re R.A.*, 417 S.W3d 569, 580 (Tex. App.—El Paso, 2013, no pet.) (holding the District Attorney and the County had standing as appellees in an expunction appeal). A plaintiff has standing when it is personally aggrieved regardless of whether it is acting with legal authority; a party has capacity when it has

the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848-849 (Tex. 2005); *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996).

While standing may be raised for the first time on appeal, a challenge to a party's capacity, on the other hand, must be raised by a verified pleading in the trial court or else it is waived. *See Lovato*, 171 S.W.3d at 849; *see also Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 56 (Tex. 2003) ("An argument that an opposing party does not have the capacity to participate in a suit can be waived by a party's failure to properly raise the issue in the trial court."). Because R.L.S. did not file a verified plea contesting the County's capacity to participate in the expunction proceeding, his challenge is waived.

## Jurisdiction

R.L.S. asserts in his second issue that the trial court erred in refusing to exercise or retain jurisdiction over the expunction case because a petitioner is allowed to file a petition for expunction in the County where the arrest occurred.

Jurisdiction is the power to hear and determine the matter in controversy according to established rules of law. *Cleveland v. Ward*, 285 S.W. 1063, 1069 (Tex. 1926). If a court has no jurisdiction, it should proceed no further with the case other than to dismiss it. *See Hall v. Wilbarger County*, 37 S.W.2d 1041, 1046 (Tex. Civ. App.—Amarillo 1931), *affirmed*, *Wilbarger County v. Hall*, 55 S.W.2d 797 (Tex. 1932). *See also Dooly v. State*, 33 Tex. 712, 712 (1871) (…"this court has no jurisdiction of the case for any purpose whatever, and the only order this court can make in the case, is to dismiss it.").

In this case, had the court not exercised or retained its jurisdiction, the court would have dismissed R.L.S.'s petition for expunction. It did not. Rather, the trial court ruled on the merits of the petition and denied it. Accordingly, the trial court retained and exercised its jurisdiction, and R.L.S.'s second issue is overruled.

*Due Process*

In his fourth issue, R.L.S. contends his right to due process was violated because, although a hearing was held on his petition, he was denied the right to present his case in a meaningful way. R.L.S. did not raise a due process argument before the trial court. Accordingly, R.L.S.'s fourth issue is not preserved. *See* TEX. R. APP. P. 33.1; *Kaufman v. Comm'n for Lawyer Discipline*, 197 S.W.3d 867, 875 (Tex. App.—Corpus Christi 2006, pet. denied) ("A party waives the right to raise a constitutional claim such as due process on appeal if that claim is not presented to the trial court."). *See also In the Interest of L.M.I.*, 119 S.W.3d 707, 710-11 (Tex. 2003).

**RULING ON THE PETITION FOR EXPUNCTION**

R.L.S. contests the trial court's decision to deny the petition for expunction in his first and third issues on appeal. R.L.S. asserts the trial court's decision is not supported by law (Issue I) or the evidence (Issue III).

Generally, we review a trial court's ruling on a petition for expunction under an abuse of discretion standard; except that to the extent an expunction ruling turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Henry v. State*, 513 S.W.3d 750, 752 (Tex. App.—San Antonio 2017, no pet.). However, when addressing a challenge

to the sufficiency of the evidence to support the trial court's expunction ruling, we use the traditional standards for a sufficiency review. *See In re S.D.*, 349 S.W.3d 76, 79-80 (Tex. App.—El Paso 2010, no pet.) (legal sufficiency standard used); *Barker v. State*, 84 S.W.3d 409, 411-12 (Tex. App.—Fort Worth 2002, no pet.) (factual sufficiency standard used). Regardless, the petitioner still carries the burden of proof and is entitled to expunction only after all statutory conditions have been met and proved. *See Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

R.L.S. brought his petition for expunction under article 55.01(a)(2) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (amended 2011). He asserts on appeal that Chapter 55, the chapter in the Texas Code of Criminal Procedure regarding expunctions, and specifically article 55.01, is an arrest based statute; meaning, an arrest is the unit of expunction, and the chapter provides relief relating to *arrests* rather than *charges*. *See S.J. v. State*, 438 S.W.3d 838, 843 (Tex. App.—Fort Worth 2014, no pet.). The State agrees.[3] Regardless of whether it is or is not an arrest based statute, as written, the statute does not address or make allowances for the expunction of individual offenses stemming from an arrest. *Ex parte K.R.K.*, 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.). Further, it does not permit expunction if there was court-ordered community supervision for the offense for which the person was arrested. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (amended 2011). Thus, to establish his entitlement to

---

[3] Whether the statute is arrest-based or offense-based has been recently argued before the Texas Supreme Court. *See State v. T.S.N.*, 523 S.W.3d 171, (Tex. App.—Dallas 2017, pet. granted) (Texas Supreme Court No. 17-0323).

expunction based on dismissal under subsection (a)(2), R.L.S. was required to first prove that (1) he had been released; (2) the charge, if any, had not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision for the offense. *See id*. art. 55.01(a)(2); *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 626 (Tex. App.—Austin 2014, pet. denied). It is the fourth prong that R.L.S. cannot, and thus did not, prove.

It was undisputed that one of the offenses for which R.L.S. was arrested resulted in court-ordered community supervision. R.L.S. was arrested in Robertson County for burglary of a habitation. He was later arrested for that same offense in Limestone County. Three days after the Limestone County arrest, he was placed on court-ordered community supervision in Robertson County for the same burglary of a habitation offense for which he was arrested in Limestone County. R.L.S. argues that because the second arrest for the same offense did not directly result in another court-ordered community supervision, he was entitled to an expunction. We disagree with R.L.S.

The statute says that a person is entitled to expunction if "there was no court-ordered community supervision…for the offense…." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (amended 2011). "The offense" was burglary of a habitation occurring in Robertson County. R.L.S. received court-ordered community supervision in Robertson County for that offense. Consequently, R.L.S. is not entitled to an expunction.[4]

---

[4] Although R.L.S. may present an equitable case for expunction, courts have no authority to grant expunctions on equitable grounds. *See Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 811 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Harris Cty. DA v. Lacafta*, 965 S.W.2d 568, 570 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

R.L.S.'s first and third issues are overruled.

## CONCLUSION

Having overruled each of R.L.S.'s issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Affirmed
Opinion delivered and filed April 4, 2018
[CV06]

