

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00376-CV

_____

EX PARTE K.T.

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 19-5358-431

Before Gabriel, Kerr, and Bassel, JJ.
Dissenting Opinion by Justice Bassel

## DISSENTING OPINION

### I. Introduction

The issue before us is simple: Does Appellee K.T. meet the criteria to have the trial court order Appellant Texas Department of Public Safety to expunge the records pertaining to her 2017 arrest on a DWI charge on which she was subsequently acquitted when she had been convicted of DWI in 2014? The majority holds that Appellee's 2017 arrest record should be expunged. The majority reaches this result by adopting a definition of the word "commission" that permits a petitioner to expunge a charge for a similar offense unless he or she is actually convicted of the second offense. In my opinion, to read the statute in this matter relies on a strained and unsupportable definition of the word "commission" and, in effect, reads the exception out of the statute. I respectfully dissent.

### II. Analysis

#### A. The provisions of the expunction statute that we interpret

To give context to my analysis, I will repeat the statutory test that governs our decision. Article 55.01(a) entitles a person acquitted of an offense to expunction of the arrest records for that offense except when a specific exception contained in the statute applies as follows:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

2

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, *except as provided by Subsection (c)* . . . .

Tex. Code Crim. Proc. Ann. art. 55.01(a)(1)(A) (emphasis added).

Subsection (c)—the exception to the right to expunction upon acquittal—prohibits expunction when a person has been convicted of an offense that is part of the same criminal episode as the offense for which the petitioner was acquitted; it defines what constitute a criminal episode by referencing a definition in the Penal Code as follows:

A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

*Id.* art. 55.01(c). Part of the burden a petitioner carries in an expunction proceeding requires proof that Subsection (c) does not apply to forestall the expunction because the acquitted offense is part of a criminal episode. *In re Expunction of J.B.*, 564 S.W.3d 436, 440 (Tex. App.—El Paso 2016, no pet.).

Finally, the section of the Penal Code that Subsection (c) references for the definition of "criminal episode" provides alternate circumstances defining a criminal episode as follows:

3

In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

> (2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code Ann. § 3.01.

## B. Why I conclude that Appellee was not entitled to expunction of the arrest records related to her 2017 DWI

The question is whether the incorporation of the definition of criminal episode from Penal Code Section 3.01(2) into the expunction exception contained in Article 55.01(c) means that expunction is not available after acquittal for an offense if the person has ever been convicted of the same or similar offense, even though the offenses are not connected temporally or factually. My answer is that expunction is not available in that circumstance because of the plain language of the expunction statute. Thus, I would hold that the trial court abused its discretion by ordering the expunction of the records of Appellee's arrest for the 2017 DWI.

My first reason for this interpretation is based on an examination of the words of Section 3.01(2) in isolation—"the offenses are the repeated commission of the same or similar offenses." *Id.* § 3.01(2). Nothing in the clause requires the offenses to have a temporal or a factual connection. Indeed, the first alternate definition in

4

Section 3.01(1) does require some nexus between the offenses—"the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan." *Id.* § 3.01(1). To read Subsection (2) to require a nexus between the offenses as specified in Subsection (1) would make Subsection (2) meaningless. The principles of statutory construction direct us not to adopt a construction that renders provisions of a statute meaningless. *See City of Dallas v. TCI W. End, Inc.*, 463 S.W.3d 53, 55–56 (Tex. 2015).

Next, if one inserts the definition of "criminal episode" from Penal Code Section 3.01(2) into the language of the expunction exception contained in Code of Criminal Procedure Article 55.01(c), it yields the following:

> A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of [repeated commission of the same or similar offenses], and the person was convicted of at least one other offense occurring during the criminal episode.

*See* Tex. Code Crim. Proc. Ann. art. 55.01(c) (replacing "as defined by Section 3.01, Penal Code" with the bracketed language from Tex. Penal Code Ann. § 3.01(2)). The words of this construction plainly do not include any requirement that the same or similar offense must have some temporal or factual connection.

Further, a number of cases from the Corpus Christi–Edinburg and San Antonio Courts of Appeals read Subsection 3.01(2)'s definition of criminal episode as not imposing a particular time frame for the same or similar offense to be repeated or

5

that the offenses be committed in the same or similar fashion. *See, e.g., Garcia v. State*, No. 13-17-00218-CR, 2019 WL 1388532, at \*9–10 (Tex. App.—Corpus Christi–Edinburg Mar. 28, 2019, pet. ref'd) (mem. op., not designated for publication) (holding that acts of sexual assault committed against different children fell within the definition of criminal episode); *Waddell v. State*, 456 S.W.3d 366, 370 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.) ("[I]t was the repeated commission of the same offense—indecency with a child—that established that the offenses charged in separate counts in the indictment and for which [appellant] was convicted were part of the same criminal episode."); *Baker v. State*, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.) (holding that "because all three offenses entailed sexual assault or attempted sexual assault, they [were] similar offenses" and fell within the definition of criminal episode in section 3.01(2)); *Guidry v. State*, 909 S.W.2d 584, 585 (Tex. App.—Corpus Christi–Edinburg 1995, pet. ref'd) (explaining that section 3.01(2) does not impose a time differential between the commission of the same or similar offenses, and "[h]ad the [l]egislature wanted us to consider a time differential in the application of this section of the Code, it could have easily done so").

Indeed, a number of opinions from our sister courts hold in consonance with this interpretation of the expunction statute. These opinions rely primarily on the cases cited in the prior paragraph and their holdings about the breadth of Penal Code Section 3.01(2). *See In re Expunction of T.D.N.,* No. 08-19-00164-CV, 2020 WL 5627222, at \*2–6 (Tex. App.—El Paso Sept. 21, 2020, no pet. h.)*; In re M.T.R.,*

No. 01-18-00938-CV, 2020 WL 930842, at *3–4 (Tex. App.—Houston [1st Dist.] Feb. 27, 2020, no pet.); *Ex parte R.A.L.,* No. 04-19-00479-CV, 2020 WL 557542, at *2 (Tex. App.—San Antonio Feb. 5, 2020, pet. denied) (mem. op.); *Ex parte J.A.B.,* 592 S.W.3d 165, 169 (Tex. App.—San Antonio 2019, no pet.); *Ex parte Rios,* No. 04-19-00149-CV, 2019 WL 4280082, at *2 (Tex. App.—San Antonio Sept. 11, 2019, no pet.) (mem. op.).

Our role is to search for the plain meaning of the words used by the legislature. When, as set forth above, the words of Penal Code Section 3.01(2) are incorporated into the exception found in Article 55.01(c), those words require only the commission of the same or similar offenses. Nothing in the words themselves or how they have been interpreted requires a temporal or factual nexus between the two offenses.

### C. Why I reject the trial court, Appellee, and the majority's constructions of the expunction statute

Respectfully, the trial court, Appellee, and majority's constructions of the expunction statute improperly add concepts to the words used by the statute and give a particular word—commission—an out-of-context definition.

#### 1. As used in the expunction statute, the term criminal episode does not require that the two offenses must be capable of being prosecuted in a single criminal action.

We begin by evaluating the trial court's view of the statute. The trial court apparently adopted a construction that turned on reading the definitions of Section 3.01 in the context of other provisions of Chapter 3 of the Penal Code. I disagree

7

with that approach because it in effect incorporates language into the expunction statute that the statute itself does not reference.

I glean the trial court's approach from the following conclusion of law:

18. The Article 55.01(c) exception to acquittal[-]expunction entitlement does not apply because Petitioner's 2017 DWI arrest, which resulted in an acquittal in 2019, did not arise out of "a criminal episode" with the prior 2014 DWI final conviction, as that term is defined by TEX. PENAL CODE § 3.01(2), because the two cases could not have been joined at trial. Specifically, the 2014 conviction was finally adjudicated before the alleged commission of the 2017 acquitted DWI offense.

The trial court superimposed on the definition of criminal episode the requirement that the two offenses must be able to be joined at trial. Apparently, the trial court found this additional requirement by reading Section 3.01 of the Penal Code in conjunction with Section 3.02 that is titled "Consolidation and Joinder of Actions." *See* Tex. Penal Code Ann. § 3.02. Section 3.02(a) provides that "[a] defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." *Id.* § 3.02(a). In essence, the trial court read the definition of criminal episode to include the requirement that offenses do not constitute a criminal episode unless they can be prosecuted in a single action.

I disagree that such a requirement should be superimposed on the expunction-statute exception that relies on the definition of a criminal episode. The exception contained in Article 55.01(c) makes no reference to Section 3.02 of the Penal Code or to the concept of consolidation in general. As the Department notes, Article 55.01(c)

8

incorporates Section 3.01's definition in a freestanding manner, i.e., it simply incorporates the definition without any of the other concepts that apply the theory of criminal episode to criminal trials. While importing the concepts of when a criminal offense may be prosecuted in a single criminal action may appear reasonable, I cannot find any indication in the words of the statute that the legislature intended that result when it incorporated only the definitional provision of Section 3.01 into Article 55.01(c). As always, it is not an appellate court's role to make a statute conform to a notion of what is reasonable; our role is to glean the plain meaning from the words used. *See J.A.B.*, 592 S.W.3d at 169.

### 2. The use of the word "commission," which is embodied in the trial court's conclusions and the majority opinion, does not fit the context as that word is used in the expunction statute.

Next, the trial court's conclusions embody a concept that is a central emphasis of Appellee's brief and the majority's opinion—the noun "commission" used in Section 3.01(2) mandates that a criminal episode must be based on two acts that constitute crimes. This argument appears in the following conclusions:

14. Texas Penal Code 3.01 requires the commission of two offenses prior to the formation of a criminal episode. The conviction in [the 2013 DWI] is one commission of an offense. However, the acquittal in [the 2017 DWI] is not a "repeated commission" of the same or similar offense.

15. The Department's assertion that the arrest for an offense is the equivalent of the commission of the offense is incorrect as a matter of law.

9

Appellee's brief elaborates on this concept that the use of the word "commission" is pivotal by arguing that

> [o]ne arrest for one allegation resulting in one acquittal, when combined with one prior arrest for one offense resulting in one conviction, does not result in a criminal episode that would make the acquitted arrest exempt from expunction pursuant to Penal Code 55.01(c). *State v. T.S.N.* [(*T.S.N. II*)], 547 S.W.3d 617, 621 (Tex. 2018). Indeed, there can be no ["]repeated commission["] of an offense with one conviction and one acquittal. *See* Tex. Penal Code [Ann.] § 3.01. "Repeated commission of the same offense" requires that the offense be committed more than once, ([] Finding #14).
>
> . . . .
>
> The section (3)(b) definition of criminal episodes require[s] [that] the crime be committed multiple times. The Department assumes that the arrest by itself is sufficient evidence of ["]commission["] of an offense. The Department is wrong. Both the Penal Code and [the] Code of Criminal Procedure preclude the arrest from establishing the commission of the offense. *See* Tex. Penal Code [Ann.] § 2.01; Tex. Code Crim. Proc. Ann. art. 38.03.

And the pivot point of the majority opinion accepts the trial court and Appellee's reasoning. In the majority's view,

> Article 55.01(c) refers directly to Penal Code Section 3.01's definition of a "criminal episode," which includes "the *commission* of two or more offenses . . . [that] are the repeated *commission* of the same or similar offenses." Tex. Penal Code Ann. § 3.01(2) (emphasis added). The word commission is not defined in the Penal Code, but the Penal Code uses the phrase "commission of" in defining the elements of some offenses. *See, e.g., id.* § 22.02(a)(2) (aggravated assault with a deadly weapon). The word's generally accepted meaning is "the act of committing, performing, or doing." Webster's Third New Int'l Dictionary 457 (2002); *see also Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) ("When determining the fair, objective meaning of an undefined statutory term, our Court may consult standard dictionaries."). Black's Law Dictionary defines the root verb commit as "[t]o perpetrate (a

10

crime),” and Webster’s defines it as “to do or perform.” *Commit*, Black’s Law Dictionary (11th ed. 2019); Webster’s Third New Int’l Dictionary 457 (2002). *Thus, we conclude that the use of the word commission in this context contemplates its commonly understood meaning of the actual performance of at least two “same or similar offenses.”* Tex. Penal Code Ann. § 3.01(2).

*To prove “commission of” an offense, the State must prove each element of that offense beyond a reasonable doubt. See* Tex. Code Crim. Proc. Ann. art. 38.03; Tex. Penal Code Ann. § 2.01. That a person has been arrested, confined, indicted for, or otherwise charged with an offense does not allow an inference of guilt at trial. *See* Tex. Code Crim. Proc. Ann. art. 38.03; Tex. Penal Code Ann. § 2.01. *Here, K.T. showed via her acquittal judgment that the State failed to meet its evidentiary burden to prove that she committed DWI in connection with her 2017 arrest. Therefore, there is no evidence in the record that K.T. repeatedly committed DWI; instead, the record shows that she has “commi[tted]” only the 2013 DWI. See* Webster’s Third New Int’l Dictionary 1924 (2002) (defining “repeated” as “renewed or recurring again and again” and “done . . . again”).

Maj. Op. at 12–13 (emphases added).

As I understand the majority’s construction of the word “commission” in the context of the expunction statute, it requires the State to prove an offense occurred beyond a reasonable doubt, and thus the jury’s acquittal of Appellee for the 2017 DWI negates the possibility of a criminal episode because she has not “committed” two offenses under the adopted definition of the word “commission.” In my view, adopting such a definition violates two cardinal principles of statutory construction.

First, we must read the words of a statute in context:

While we must consider the specific statutory language at issue, we must do so while looking to the statute as a whole, rather than as “isolated provisions.” We “endeavor to read the statute contextually, giving effect to every word, clause, and sentence.” We thus begin our analysis with the statute’s words and then consider the apparent meaning of those words within their context.

11

*Jaster v. Comet II Constr.*, 438 S.W.3d 556, 562 (Tex. 2014) (citations omitted).

Second, an out-of-context literal meaning of a word should not be adopted that makes its use absurd. *See KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 183 (Tex. 2019) ("[W]e limit our analysis to the words of the statute and apply the plain meaning of those words 'unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results.'" (quoting *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011))).

With these principles in mind, I construe the use of the word "commission" in the context of Section 3.01(2)'s use within Article 55.01(c) to mean the commission of acts that form the basis for the charge of an offense. In other words, the legislature has adopted words expressing its policy decision that it will not accord a petitioner the statutory privilege of expunction for an acquitted offense if the petitioner has ever been *arrested for* the commission of the same or similar offense.

As support for this construction, I note that the usual definition of "commission" is "an act of committing something." *Commission*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/commission (last visited on Oct. 15, 2020). The question that we confront is what acts does the word "commission" refer to when Section 3.01(2)'s definition using the words "the offenses are the repeated commission of the same or similar offenses" is incorporated into the exception for expunction contained in Article 55.01(c) of the Code of Criminal Procedure. Expunction requires that the petitioner have been acquitted of

an offense. *See generally* Tex. Code Crim. Proc. Ann. art. 55.01. Defining the word "commission" to require a conviction for the same or similar offenses before a criminal episode occurs does not fit into a scheme that is predicated on an acquittal for one of the offenses as a precondition to relief. Thus, the word "commission" must mean something less than a jury's having concluded that the petitioner committed two offenses. In the internal structure of the expunction statute, the word "commission" is used in the context of acts that cause a person to be placed under arrest: "A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged . . . ." *See id.* art. 55.01(a). I read the word "commission" in the context of the expunction statute to mean that the petitioner has committed acts that have caused her arrest for the same or similar offense for which the petitioner bears a conviction.[1]

---

[1]The majority also criticizes the Department's argument as follows:

> The Department's construction of Article 55.01(c)'s incorporation of Section 3.01(2) attempts to add words to the statute's plain language. The Department would read Section 3.01(2) to include in a criminal episode "the repeated [arrest for or] commission of the same or similar offenses." But to read these additional words into the statute would deviate from the plain meaning of the word commission intentionally used by the Legislature.

Maj. Op. at 13. In my view, this criticism is unfounded. The Department is simply trying to integrate into a coherent whole all the language found in the various provisions that are at play.

13

I therefore construe the expunction statute as not providing Appellee with the statutory privilege to expunge the arrest records relating to her 2017 DWI because of the 2013 DWI conviction. Though the two offenses are not related temporally of factually, they constitute a criminal episode as that term is used in the exception to expunction found in Article 55.01(c) of the Code of Criminal Procedure. For that reason, Appellee's arrest record for the 2017 DWI is not available for expunction.[2]

_____

[2]For the sake of completeness, I will address two arguments raised by Appellee that cite the Texas Supreme Court's opinion in *T.S.N. II* and the opinion of the Dallas Court of Appeals that the Texas Supreme Court affirmed in *T.S.N. II*. *See T.S.N. II*, 547 S.W.3d at 621; *State v. T.S.N. (T.S.N. I)*, 523 S.W.3d 171 (Tex. App.—Dallas 2017), *aff'd*, 547 S.W.3d 617 (Tex. 2018).

Appellee first quotes *T.S.N. II* as holding that "'[w]here an arrest is made pursuant to a charge for a single offense and the person is acquitted … then article 55.01(a)(1) entitles the person to expunction of all records and files relating to the arrest.' . . . 547 S.W.3d [at] 621[.]" Appellee pivots off this statement to argue that

> [h]ere, [Appellee] was arrested for a single criminal allegation and was acquitted of that charge. The Department concedes as much on the record. Accordingly, because one offense cannot make a criminal episode, the criminal episode exception does not apply, and [Appellee] is entitled to an expunction of that arrest. [Record references omitted.]

This argument offers no insight into the central question we analyze of how Appellee's conviction for the 2013 DWI impacts our analysis of Article 55.01(c)'s exception.

Appellee also argues that the *T.S.N. I* opinion "determined that a Petitioner is entitled to an acquittal-expunction unless the acquitted offense was part of a single criminal episode for **which the defendant remains at jeopardy**. *See* . . . 523 S.W.3d [at] 174[.]" The Dallas court's statement does not conflict with my interpretation; instead, the statement is a general description of the scheme of the expunction statute and does not address the question before us of integrating the language of Penal Code Section 3.01(2) into Article 55.01(c) of the Code of Criminal Procedure.

14

I also agree with and find support in Justice Evans's recent dissent in *Ex parte Ferris* that dealt with the same issue that we grapple with. *See Ex parte Ferris*, No. 05-19-00835-CV, 2020 WL 5868217, at *6–15 (Tex. App.—Dallas Oct. 2, 2020, no pet. h.) (en banc) (Evans, J., dissenting). Justice Evans's focus was not on the word "commission" but on the word "offense" in section 3.01(2)'s clause "the offenses are the repeated commission of the same or similar offenses." *Id.* at *10–11. His reasoning produces the same result as my interpretation—that the expunction statute cannot be read to mean that a petitioner is entitled to expunction unless she in effect was convicted of a second similar offense.[3]

---

[3]The majority in *Ferris* took a different tack than the majority here and defaulted to the view that the interpretation Justice Evans and I adopt is absurd for the following reasons:

> In the context of this expunction, the Department and the dissent's position that the September 4, 2014 DWI arrest and conviction was the first act in furtherance of a "criminal episode" that continued beyond adjudication, a served sentence, and beyond the two-year statute of limitation for a Class A misdemeanor into April 19, 2018, when the second DWI arrest occurs, is an absurd reading of the expunction statute. Such a cabined view of what constitutes a "criminal episode" creates an absurd, nonsensical result wherein a single "criminal episode" would engulf two DWI arrests, which (i) share no common or continuing pattern of facts; (ii) are impossible to prosecute as multiple prosecutions under Chapter 3 of the Texas Penal Code (through joinder); and (iii) could not share a concurrent sentence. As noted above, the able trial judge was correct. The dissent is "reading things in a vacuum."

2020 WL 5868217, at *4. Respectfully, Justice Evans and I (as well as the majority in this case) are simply applying the interpretive tools at our disposal to do as we should

Specifically, Justice Evans dealt with an argument that

> the first use of "offenses" in section 3.01(2) means two or more convictions for offenses that are then described as being the same or similar[;] [the petitioner seeking expungement in *Ferris* argued] because he was acquitted in 2019, he had only one offense, the 2015 conviction, so section 3.01(2) does not apply and the criminal episode exception to acquittal expunction in section 55.01(c) does not apply.

*Id.* at \*10.

Justice Evans began his analysis by noting the definition of offense contained in section 1.03 of the Penal Code. *Id.*; Tex. Penal Code Ann § 1.03 (stating that conduct constitutes offense when "it is defined as an offense by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute"). Justice Evans then noted that the definition encompassed only prohibited conduct and did not include "concepts of arrest, charge, prosecution, conviction, or acquittal." 2020 WL 5868217, at \*11.

Pivoting off this definition, Justice Evans reasoned that

> [t]he [P]enal [C]ode's definition of "offense" as prohibited conduct is evident in the text of [A]rticle 55.01(c) of the [C]ode of [C]riminal [P]rocedure. Article 55.01(c) provides[,]
>
>> A court may not order the expunction of records and files relating to *an arrest for an offense for which a person is subsequently acquitted* . . . if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was *convicted* of or

---

and glean the meaning of the of the words used by the legislature in the expunction statute.

16

*remains subject to prosecution* for at least one other offense occurring during the criminal episode.

Tex. Code Crim. Proc. [Ann.] art. 55.01(c) (emphasis added). Article 55.01(c) distinguishes between an offense, which is prohibited conduct, and arrest ("arrest for an offense"), prosecution ("remain[] subject to prosecution"), conviction ("offense . . . was convicted of"), and acquittal ("offense for which a person is subsequently acquitted" and "offense for which the person was acquitted").

The [P]enal [C]ode's definition of offense in [S]ection 1.03 applies to [S]ection 3.01. Section 3.01 provides in full:

> In this chapter, "criminal episode" means the *commission of two or more offenses*, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the *offenses are committed* pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code [Ann.] § 3.01 (emphas[e]s added). In [S]ection 3.01, an "offense" is prohibited conduct which someone can perpetrate (commit). Nothing in the text of [S]ection 3.01 indicates "offense" is an arrest, prosecution, conviction, or acquittal. Because a conviction cannot be committed by someone, but prohibited conduct can be committed by someone, [appellee's] interpretation is nonsensical. So, contrary to [appellee's] argument, [A]rticle 55.01(c) and [S]ection 3.01 do not convey the meaning of "offense" as equivalent to "conviction."

*Id.*

Justice Evans's dissent brings us by a different path to the same result: the words of Section 3.01 should not be read in a way that it produces a paradoxical result that unless a petitioner is convicted of a second similar offense she is entitled to

17

expunction. In that circumstance, the petitioner would not be entitled to an expunction, so why craft an exception in the first place? The pregnant question is what purpose does such an unneeded exception serve? Justice Evans and I are both left to wonder why the legislature would see the need to craft an exception that serves no purpose.[4]

### III. Conclusion

The majority and I deal with the interpretation problems inherent when the legislature imports statutory provisions dealing with a particular topic into another statute where the imported concept is an imprecise fit. The majority and I disagree about the definition of the word "commission." Because I view my interpretation as being in harmony with the language of the expunction statute, I respectfully dissent.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: October 22, 2020

---

[4]The majority opinion also notes that the El Paso Court of Appeals's decision in *T.D.N.* stated that "[w]e read statutes in context, and the very provision that adopts the definition of a 'criminal episode' also allows for a single conviction, or even the possibility of a conviction, to block an expunction." 2020 WL 5627222, at *6. The majority's challenge to *T.D.N.*'s reasoning turns on its interpterion of the word "commission." Maj. Op. at 16. I accept *T.D.N.*'s reasoning because I disagree with the majority's interpretation.