Martha Hill Jamison, Justice
The Texas Department of Public Safety (DPS) appeals the trial court's order granting expunction relief to appellee N.B.J. After N.B.J. was arrested on the same day on two unrelated charges, the State dismissed one of the charges, which N.B.J. then sought to have expunged. DPS argues that, because expunction is not available for both charges, it is not available for the dismissed charge.
Concluding that the trial court correctly interpreted the expunction statute, and that N.B.J. is entitled to have the records and files relating to his arrest on the dismissed charge expunged, we affirm.
Background
On November 8, 2009, the Stafford Police Department arrested N.B.J. for allegedly criminal conduct, which had occurred earlier that same day (Initial Charge).[1] While in custody, jail staff became aware of an outstanding warrant issued by a different agency for a separate offense, which had occurred months earlier *379 (Subsequent Charge). The Rosenberg Police Department then arrested N.B.J. on the outstanding warrant for the Subsequent Charge. N.B.J. appeared before different magistrates on different days for arraignment on the two charges.
On March 12, 2010, N.B.J. pleaded guilty to the Initial Charge and was placed on community supervision for one year. On March 30, 2010, the State dismissed the Subsequent Charge. The statute of limitations for the Subsequent Charge expired in 2011.[2]
On March 21, 2016, N.B.J. filed a petition for expunction of all records or files relating to his arrest for the Subsequent Charge. The trial court entered an agreed order of expunction, signed by both N.B.J. and the assistant district attorney. DPS filed a motion for new trial, asking the court to set aside the judgment because it had not been notified of a hearing date on N.B.J.'s petition for expunction.[3] The trial court ordered that a new trial be granted. After a hearing, the trial court again entered an order of expunction.
At DPS's request, the trial court entered findings of fact and conclusions of law. The court found:
[N.B.J.] was arrested on November 8, 2009, and charged ... with [the Initial Charge], and arrested on about the same day on an outstanding warrant for [the Subsequent Charge] in [a separate] cause number.
[N.B.J.] pleaded guilty to [the Initial Charge] and was sentenced to a term of deferred adjudication community supervision for 12 months, which he served, as well as court costs.
At the time of the arrest for [the Initial Charge], the arresting officer was not aware of the outstanding warrant for [the Subsequent Charge]. While [N.B.J.] was in custody, the jail staff became aware of an outstanding warrant for [the Subsequent Charge]. ... [N.B.J.] subsequently received a separate warning on [the Subsequent Charge] by a different magistrate.
The offense date for [the Initial Charge] was not the same as the offense date for [the Subsequent Charge] and was not out of the same transaction.
Accordingly, the trial court concluded that N.B.J. was entitled to expunction of his arrest records related to the Subsequent Charge under Texas Code of Criminal Procedure article 55.01(a)(2)(B).
DPS now appeals the trial court's expunction order, raising a single issue: that the trial court erred in interpreting the expunction statute.
Analysis
A. Standard of Review and Governing Law
The purpose of the expunction statute is to permit the expunction of records of wrongful arrests. Harris Cty. Dist. Attorney's Office v. J.T.S. , 807 S.W.2d 572, 574 (Tex. 1991) ; see also In re State Bar , 440 S.W.3d 621, 624 (Tex. 2014). The right *380 to expunction is neither a constitutional nor a common-law right, but rather a statutory privilege. Tex. Dep't of Pub. Safety v. J.H.J. , 274 S.W.3d 803, 806 (Tex. App.-Houston [14th Dist.] 2008, no pet.). An expunction cannot be granted unless the statutory requirements are satisfied. Perdue v. Tex. Dep't of Pub. Safety , 32 S.W.3d 333, 335 (Tex. App.-San Antonio 2000, no pet.). The trial court must strictly comply with the statutory requirements and has no equitable power to extend the protections of the expunction statute beyond its stated provisions. Harris Cty. Dist. Attorney's Office v. M.G.G. , 866 S.W.2d 796, 798 (Tex. App.-Houston [14th Dist.] 1993, no writ). We review a trial court's ruling on a petition for expunction for an abuse of discretion. J.H.J. , 274 S.W.3d at 806 ; Heine v. Tex. Dep't of Pub. Safety , 92 S.W.3d 642, 646 (Tex. App.-Austin 2002, pet. denied).
A trial court has no discretion, however, in determining what the law is or applying the law to the facts. In re Columbia Med. Ctr. , 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam). Thus, we review de novo a trial court's legal conclusions. J.H.J. , 274 S.W.3d at 806 ; see also State v. Heal , 917 S.W.2d 6, 9 (Tex. 1996). Similarly, construction of a statute is a question of law, which we review de novo. F.F.P. Operating Partners, L.P. v. Duenez , 237 S.W.3d 680, 683 (Tex. 2007) ; see also Ex parte S.C. , 305 S.W.3d 258, 262 (Tex. App.-Houston [14th Dist.] 2009, pet. denied) (concluding that whether certain materials constituted "files and records relating to the arrest" under the expunction statute was solely a legal issue, not a fact issue on which the trial court could have rendered any findings). Here, because the relevant facts are undisputed and the trial court's ruling on N.B.J.'s expunction request hinged on an interpretation of the expunction statute, we review the ruling de novo. See City of Rockwall v. Hughes , 246 S.W.3d 621, 625 (Tex. 2008) (stating that statutory construction is a question of law).
B. The Relevant Section of the Expunction Statute
The expunction statute provides, in pertinent part:
(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if ...
(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision ..., provided that ...
(A) ... or
(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.
See Tex. Code Crim. Proc. art. 55.01(a)(2). Thus, under the statute and as relevant here, a person who has been arrested is entitled to have all records and files relating to the arrest expunged if: (1) the person has been released; (2) the charge, if any, has not resulted in a final conviction and is no longer pending; (3) there was no court-ordered community supervision for the offense; and (4) the applicable limitations period has expired. Id.
Here, DPS does not contest that N.B.J. satisfies certain of the statutory requirements, namely that he has been released, the Subsequent Charge did not result in a final conviction and is no longer pending, and the applicable limitations period has expired. Rather, DPS's sole contention is that, because N.B.J. received court-ordered community supervision for the Initial *381 Charge, he does not satisfy the statutory requirements for expunction of his arrest records relating to the Subsequent Charge. In other words, DPS argues that, when an individual is arrested, charged with multiple offenses, and later seeks expunction relief for less than all of the charges, the petitioner "is ineligible to expunge an offense for which [he was] arrested if the petitioner was convicted or served community supervision for any charge arising out of that arrest." (Emphasis added). According to DPS, the expunction statute provides that "the arrest" is the single unit of measurement for expunction, not individual charges.
N.B.J. responds that he was arrested twice on the same day by different police departments, and so DPS's interpretation of the statute is irrelevant. We will assume without deciding that N.B.J.'s custody constituted a single arrest, from which two unrelated charges arose.[4]
Because this court has not addressed this issue before, we first survey the approaches taken by other appellate courts, before turning to an interpretation of the expunction statute.
C. Sister Courts' Agreement with DPS's Argument as to Unrelated Offense
DPS relies on a number of cases in which our sister courts have held that the expunction statute is to be interpreted and applied on an "arrest-based" approach, not an "offense-based" or "charge-based" approach.[5] We specifically consider two of them- S.E.W. and T.H. -as these cases present the most closely analogous factual backgrounds-i.e., a defendant arrested on unrelated charges, who later seeks expunction of an individual charge.[6]
The petitioner in S.E.W. was arrested for two unrelated offenses, based on two separate arrest warrants that were executed on the same day.
*382 S.E.W. , 2017 WL 603644, at *1-2. S.E.W. received deferred adjudication community supervision for one charge, and the State dismissed the other. Id. at *1. S.E.W. then sought to have her records expunged on the dismissed charge. Id. The trial court granted expunction, but the court of appeals reversed. The court held that the expunction statute is "arrest-based," and because the petitioner was placed on court-ordered community supervision for one of the offenses for which she was arrested, she was not entitled to have the records and files relating to the other offense expunged. Id. at *2.
In T.H. , the petitioner was arrested for forgery and theft, alleged to have occurred at different times. T.H. , 2016 WL 5874869, at *1. Pursuant to a plea agreement, the forgery charge was dismissed and the petitioner pleaded guilty to the theft charge and was placed on community supervision. Id. The petitioner then sought to expunge the forgery charge, but the court of appeals concluded that expunction is not an available remedy for less than all of the charges stemming from one arrest. Id. at *3-4. The court interpreted the expunction statute as "maintain[ing] an arrest as the unit of expunction and that, consequently, a petitioner must prove that each charge arising from the arrest satisfies the requirements of article 55.01." Id. at *4.
But the Texas Supreme Court recently handed down an opinion interpreting a subsection of the expunction statute on facts similar to ours, and so we next turn to it.
D. Recent Texas Supreme Court's Disagreement with DPS's Argument as to Unrelated Offense
In State v. T.S.N. , T.S.N. was arrested for two unrelated charges. State v. T.S.N. , 547 S.W.3d 617, 618-19, 2018 WL 2169785, at *1 (Tex. May 11, 2018). She pleaded guilty to a theft charge but, after pleading not guilty and going to trial, was acquitted of an unrelated assault charge. Id. Following her acquittal, T.S.N. sought to expunge the records and files relating to the assault charge. Id. Under article 55.01(a)(1)(A), a person is entitled to expunction of all records and files relating to an arrest if the person is tried for and acquitted of the offense on which the arrest was based. Tex. Code Crim. Proc. art. 55.01(a)(1)(A).
The State opposed T.S.N.'s petition for expunction, making the same arguments as DPS does here: a petitioner is entitled to expunction only if all of the charges underlying an arrest meet the statutory requirements. T.S.N. , 547 S.W.3d at 618-19, 2018 WL 2169785, at *1. Because T.S.N. was "simultaneously arrested" and one charge led to a conviction and the other to an acquittal, the State argued that she did not meet the statutory requirements for expunction. Id.
The trial court disagreed and granted T.S.N.'s petition for expunction, which the Fifth Court of Appeals affirmed. Id. On review before the Texas Supreme Court, the State again argued, as it had in the lower courts, that the expunction statute is "arrest-based" and T.S.N. was only entitled to expunction of records relating to the arrest for assault if she was also entitled to expunction of records relating to the arrest for theft. Id. at 619-20, at *2.
The Supreme Court rejected the State's "all-or-nothing proposition." Id. Specifically, the court disagreed with the State's "arrest-based" reading of the statute, because such an approach would, in essence, change the statute to provide:
"A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the person is tried for the offense[s ] for *383 which the person was arrested and is acquitted by the trial court of all the offenses. "
Id. at 621, at *4 (quoting Tex. Code Crim. Proc. art. 55.01(a)(1) (alterations in italics) ).
After reading subsection (a)(1) in conjunction with the rest of the expunction statute, including a subsection providing a statutory exception to expunction for multiple charges arising out of "a criminal episode," the court concluded that the statute did not support the State's "arrest-based" interpretation. Id. at 620-23, at *3-5. Accordingly, the court affirmed the court of appeals' judgment that T.S.N. was entitled to expunction relating to the assault charge of which she was acquitted. Id. at 624, at *7.
E. Applying T.S.N. 's Teaching to subsection (a)(2)
So, is N.B.J. entitled to expunction of his arrest records relating to the dismissed Subsequent Charge? Before we begin our interpretation of the expunction statute, we must acknowledge that the Supreme Court's opinion in T.S.N. only addressed expunction following an acquittal and expressly declined to address a petitioner's entitlement to expunction under subsection (a)(2), which is the basis for N.B.J.'s petition. T.S.N. , 547 S.W.3d at 623, 2018 WL 2169785, at *6 ("The expunction scheme under subsection (a)(2) is not at issue, and we express no opinion about it."). Nevertheless, we find the court's reasoning helpful in interpreting the expunction statute as it applies in this case.
Here, DPS's arrest-based reading of the statute would, in essence, change article 55.01(a)(2)(B) to permit N.B.J. to have all records and files relating to the arrest expunged only if, in addition to other requirements not at issue, "prosecution of the person for all the offense[s ] for which the person was arrested is no longer possible because the limitations period has expired." See Tex. Code Crim. Proc. art. 55.01(a)(2)(B) (alterations in italics). As discussed, the Subsequent Charge was dismissed and did not result in a final conviction and the statute of limitations has expired. As did the Texas Supreme Court in T.S.N. , we disagree with DPS that the unit of measurement in the expunction statute is "the arrest," and that, therefore, all of the offenses charged in an arrest must satisfy the statutory requirements before a petitioner may be granted expunction. DPS's reading ignores the language in the statute, which conditions relief on the bases that "the charge , if any, has not resulted in a final conviction" and that "there was no court-ordered community supervision ... for the offense. " Id. art. 55.01(a)(2) (emphases added); see also State v. T.S.N. , 523 S.W.3d 171, 175-76 (Tex. App.-Dallas 2017), aff'd , 547 S.W.3d 617, 2018 WL 2169785. These provisions indicate that the right to expunction of arrest records following a dismissal is linked at the outset to a particular charge or offense. See Tex. Gov't Code § 311.011(a) (as rule of statutory construction, words and phrases are to be read in context); see also T.S.N. , 523 S.W.3d at 175-76.
The Texas Supreme Court opted not to decide whether section (a)(2) also is arrest-based, citing several limitations on expunction listed in that section. "Under (a)(1), the acquittal or pardon is the only prerequisite to expunction ... [w]hereas under (a)(2), the dismissal or plea bargain is only the beginning of the analysis." T.S.N. , 547 S.W.3d at 622, 2018 WL 2169785, at *5. We note that the examples of limitations on expunction cited by the high court, such as where a person is arrested for another offense "arising out of the same transaction," relate only to subsection (a)(2)(A)
*384 and not subsection (a)(2)(B), which is a separate option for seeking expunction. Compare Tex. Code Crim Proc. art. 55.01(a)(2)(A), with art. 55.01(a)(2)(B). Here, it is undisputed that prosecution of N.B.J. for the Subsequent Charge is no longer possible. There is no remaining prerequisite to expunction. We conclude that the reasoning of T.S.N. extends to the facts presented here.
To this end, we agree with the Fifth Court of Appeals, as affirmed by the Supreme Court, that the statute links "an arrest" to a particular offense, when the offenses are not part of a criminal episode:
[W]hile a person may surely be "arrested" for multiple "offenses," and may just as surely be "charged" and tried for multiple "offenses" in a single trial, as the State urges, where the arrest includes offenses for which the defendant could not be charged and tried in the aggregate, the arrest-and any subsequent expunction-stands or falls on each unrelated charge.
T.S.N. , 523 S.W.3d at 176.
We construe the phrase "all records and files relating to the arrest" as referring to the arrest records stemming from each individual offense or charge, at least when the charges are unrelated. See ids="12385122" index="35" url="https://cite.case.law/sw3d/523/171/#p175">id. We therefore depart from our sister courts that have interpreted article 55.01(a)(2) as providing for expunction only on an overall "arrest-based" basis, and instead conclude that the "statute provides that one arrest for multiple offenses equates to multiple arrests ... each arrest tied to its own individual offense." T.S.N. , 547 S.W.3d at 621, 2018 WL 2169785, at *4.
DPS asks that we adopt its interpretation of the statute in order to avoid the practical difficulties state employees may face in effectuating "partial" expunctions. We decline DPS's invitation, as did the Texas Supreme Court that considered, and rejected, the same policy arguments in T.S.N. , See, e.g. , id. at 624, at *6 ("DPS cautions that under T.S.N.'s interpretation, state employees may well be placed in jeopardy because of the complexity regarding releasing records in circumstances where a multi-charge arrest has been made and one of the charges resulted in ... subsequent expunction."). "[G]iven the Legislature's demonstrated acceptance of selective redaction and expunction of records as valid remedial actions," DPS's arguments do not persuade us to read the expunction statute as forbidding partial expunction. Id.
We overrule DPS's sole appellate issue.
Conclusion
Article 55.01(a)(2) entitles N.B.J. to expunction of all records and files relating to his arrest for the Subsequent Charge. We affirm the trial court's judgment.

Because the record in this case was filed under seal, we describe the factual background in as general terms as possible, while fulfilling our responsibility to hand down a public opinion explaining our decision based on the record. See, e.g. , Kartsotis v. Bloch , 503 S.W.3d 506, 510 (Tex. App.-Dallas 2016, pet. denied).

According to the record, the Subsequent Charge was a misdemeanor offense. See Tex. Code Crim. Proc. art. 12.02 (providing two-year statute of limitations for misdemeanor offenses).

Under article 55.02 of the Texas Code of Criminal Procedure, the trial court is required to conduct a hearing on a petition for expunction and "shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing." Tex. Code Crim. Proc. art. 55.02, § 2(c). N.B.J.'s petition listed DPS's Expunction Unit as an agency having records or files that are subject to his request for expunction. It is uncontested that DPS failed to receive notice before the hearing.

N.B.J. also argues that DPS is bound by the trial court's findings of facts and conclusions of law, which "were approved by" DPS in the trial court. The fact that DPS approved and requested entry of the findings of fact and conclusions of law does not demonstrate that DPS consented to the trial court's judgment or otherwise waived its right to challenge the findings and conclusions on appeal. See Shafer v. Gulliver , No. 14-09-00646-CV, 2010 WL 4545164, at *2 (Tex. App.-Houston [14th Dist.] Nov. 12, 2010, no pet.) (mem. op.).

See Ex parte S.E.W. , No. 04-16-00255-CV, 2017 WL 603644 (Tex. App.-San Antonio Feb. 17, 2017, no pet.) (mem. op.); T.H. v. Tex. Dep't of Pub. Safety , No. 03-15-00304-CV, 2016 WL 5874869 (Tex. App.-Austin Oct. 6, 2016, no pet.) (mem. op.); S.J. v. State , 438 S.W.3d 838 (Tex. App.-Fort Worth 2014, no pet.) ; Travis Cty. Dist. Attorney v. M.M. , 354 S.W.3d 920 (Tex. App.-Austin 2011, no pet.) (en banc); Ex parte Davila , No. 13-15-00202-CV, 2016 WL 872997 (Tex. App.-Corpus Christi Feb. 18, 2016, no pet.) (mem. op.); Ex parte Vega , 510 S.W.3d 544 (Tex. App.-Corpus Christi 2016, no pet.) ; Ex parte M.R.L. , No. 10-11-00275-CV, 2012 WL 763139 (Tex. App.-Waco Mar. 7, 2012, pet. denied) (mem. op.).

The other cases DPS cites in its brief are factually distinguishable. In S.J. , the dismissed and pled-to charges "relate[d] to a single instance of criminal conduct." S.J. , 438 S.W.3d at 846. Thus, the court reasoned that precluding expunction for the dismissed charge comported with the principle underlying the expunction statute and with conclusions that restrict the availability of expunction "when an offense is dismissed or otherwise resolved but a lesser or separate offense arising from the arrest resulted in a conviction or remains subject to prosecution." Id. Similarly, in M.M. , Davila , Vega , and M.R.L. , the dismissed and pled-to charges arose from the same criminal transaction. M.M. , 354 S.W.3d at 922 ; Davila , 2016 WL 872997, at *1 ; Vega , 510 S.W.3d at 546 ; M.R.L. , 2012 WL 763139, at *1. Here, it is undisputed that N.B.J.'s two charges arose out of unrelated criminal conduct.