

## Fourth Court of Appeals
### San Antonio, Texas

## DISSENTING OPINION

No. 04-18-00539-CV

**EX PARTE ROBERTO PASQUALE-GUALTIERI PETITTO**

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 17655A
Honorable N. Keith Williams, Judge Presiding

### DISSENTING OPINION ON MOTION FOR REHEARING

Opinion by:     Patricia O. Alvarez, Justice
Dissenting Opinion by: Liza A. Rodriguez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: July 31, 2019

The dissenting opinion issued on June 5, 2019 is withdrawn and this opinion is substituted.

This appeal raises important issues regarding what effect the opinion by the Texas Supreme Court in *State v. T.S.N.*, 547 S.W.3d 617 (Tex. 2018), has on a defendant's ability to expunge records related to only one offense within a multi-charge single arrest when the defendant successfully completed pretrial diversion for that offense. We must also consider, as an issue of first impression, whether the State, in opposing the petition for expunction, may use information relating to a non-expungeable offense that is subject to a nondisclosure order but arose from the same arrest. Because I believe the trial court erred in denying Roberto Pasquale-Gualtieri Petitto's petition for expunction, I respectfully dissent.

## I.  EXPUNCTION OF DWI OFFENSE UNDER ARTICLE 55.01(a)(2)(A)

Resolution of the first issue turns on whether, in view of the recent *T.S.N.* opinion, we should modify our "arrest-based" interpretation of article 55.01—in particular, subsection (a)(2). *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2).

### *Fourth Court of Appeals' Precedent Before State v. T.S.N.*

As explained in *Tex. Dep't of Pub. Safety v. Ryerson*, our precedent has clearly stated that article 55.01 is wholly "arrest-based":

> As this court has recently held, the expunction statute 'does not address or make allowances for expunction of individual offenses stemming from an arrest.' *Ex parte K.R.K.*, 446 S.W.3d [540, 543-44 (Tex. App.—San Antonio 2014, no pet.)] (quoting *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.—San Antonio 2013, no pet.)) . . .
>
> [The appellee/petitioner below] tries to distinguish some of these cases based on their facts and the reason the State elected to proceed on only one offense arising from an arrest. The facts of the cases, however, have no effect on the application of the expunction statute. It is a bright line rule. If a defendant is arrested and charged with two or more offenses arising from that arrest, the statute does not allow the records relating to any of those offenses to be expunged if the defendant was convicted or placed on court-ordered community supervision for any of the offenses.

*Tex. Dep't of Pub. Safety v. Ryerson*, No. 04-16-00276-CV, 2016 WL 7445063, at *2-3 (Tex. App.—San Antonio Dec. 28, 2016, pet. denied) (mem. op.). In doing so, we have "strictly" construed "the statutory language" and concluded the 2011 amendment to article 55.01(a)(2), which changed "for *any* offense" to "for *the* offense," did not expand the statute's application to allow expunction of individual offense records within a single arrest. *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 481 (Tex. App.—San Antonio 2013, no pet.) (emphasis added). We have reasoned that

> [i]f the Texas Legislature intended the expunction statute to be offense-based instead of arrest-based, it could have amended the expunction statute in response to the numerous court decisions holding the current statute is arrest-based. *See Alex*

> *Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 653 (Tex. 2006) (noting statutory amendments by Legislature were in response to court decisions); *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 188-89 (Tex. 2004) (noting Legislature amended statute in response to intermediate appellate court decision).

*Ryerson*, 2016 WL 7445063, at *3. Thus, under our existing precedent, we have consistently held that the expunction statute is arrest-based and not offense-based.

### Impact of the Recent Opinion by Texas Supreme Court in State v. T.S.N.

On May 11, 2018, the supreme court issued its opinion in *State v. T.S.N.*, 547 S.W.3d 617 (Tex. 2018). Instead of applying an arrest-based interpretation to subsection (a)(1), it applied an "offense-based" analysis to the facts presented. *See id*. at 624. In 2013, while T.S.N. was under arrest for the felony offense of aggravated assault with a deadly weapon, the officer also executed a 2010 warrant for misdemeanor theft by check. *Id.* at 618. These two separate charges were filed in different courts with different cause numbers. *Id.* T.S.N. pled guilty to the theft charge. *Id*. With respect to the assault charge, she was later acquitted by a jury. *Id.* She then filed a petition for expunction pursuant to subsection (a)(1) and sought expungement of the records and files relating to the assault charge. *Id*. The State opposed her petition, arguing that "she was not entitled to expunction because she was convicted of the theft charge for which she was simultaneously arrested." *Id.* at 619. According to the State, "article 55.01 entitles an individual to expunction of arrest records only if the results of the prosecutions as to *all* of the charges underlying the arrest meet the statutory requirements for expunction." *Id.* (emphasis in original).

The supreme court explained that "[w]here an arrest is made pursuant to a charge for a single offense and the person is acquitted or convicted and then pardoned pursuant to article 55.01(a)(1)(B), then article 55.01(a)(1) entitles the person to expunction of all records and files relating to the arrest." *Id.* at 621. "This is because records and files relating to '*the* offense'

encompass the whole of the records and files relating to '*the* arrest.'" *Id.* (quoting TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1)) (emphasis in original). And, where a defendant is arrested "pursuant to a charge or charges for multiple related offenses as part of a criminal episode," article 55.01(a)(1) "just as clearly does *not* entitle the person to expunction of any files and records relating to the episode if the person either is convicted of one of the offenses or charges for one of the offenses remain pending." *Id.* (emphasis in original). However, the court explained the facts presented were distinguishable from either scenario because "a single arrest occurred for multiple unrelated offenses." *Id*.

The supreme court noted that neither it nor any court of appeals had "specifically addressed whether article 55.01(a)(1) is arrest-based, [although] several courts of appeals have interpreted article 55.01(a)(2) as being arrest-based." *Id.* at 622. Because the trial court's granting of the petition in the underlying case "hinged on a question of law requiring the interpretation of article 55.01," the supreme court explained that the ruling was "subject to de novo review." *Id.* at 620.

In interpreting article 55.01, the supreme court stated ***for the first time*** that "[a]rticle 55.01 is *neither entirely arrest-based nor offense-based*." *Id.* at 623 (emphasis added). The court stressed that "[d]ifferent parts of the article, including the expunction requirements, address different factual situations," noting that subsection (a)(1) addresses acquittals and pardons while subsection (a)(2) addresses dismissals and plea bargains. *Id.* And, with respect to subsection (a)(1), which relates to the right to expunge offenses for which one has been acquitted or pardoned, the court explained subsection (c) provides "clear instructions . . . as to multiple offense arrests." *Id.* As the court noted, article 55.01(c) creates an exception to the right to expunction under subsection (a)(1)(A) for an acquitted offense where *the other offense(s) in the same criminal episode resulted in conviction or remained subject to prosecution*. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(c).

The supreme court reasoned that "an arrest-based approach, as the State urges, [would render] the multiple offense, criminal episode provision in subsection (c) superfluous," which is "an improper manner of interpreting statutory language." *T.S.N.*, 547 S.W.3d at 622; *see also Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (requiring courts, in interpreting statutory language, to presume an entire statute to be effective and to not interpret statutory language in a manner that would render words useless or a nullity). According to the court, "[i]f the Legislature [had] intended that all the offenses underlying a single arrest must meet the requirements for expunction under article 55.01(a)(1)(A) in order for expunction to be permitted, then the exception under subsection (c) would be unnecessary." *T.S.N.*, 547 S.W.3d at 622.

Under the facts presented in *T.S.N.*, subsection (c) did not bar the right to expunction because the two offenses "did not arise out of the same criminal episode," i.e., the offenses were "unrelated." *Id.* at 621. The supreme court concluded that pursuant to article 55.01(a)(1)(A), T.S.N. was entitled to expunction of all records and files related to her aggravated assault charge for which she was tried and acquitted—that is, she was entitled to a "partial expunction" of the single arrest. *Id.* at 623-24. According to the court, a "partial expunction" of the arrest was permitted under subsection (a)(1), notwithstanding the practical difficulties cited by the Department of Public Safety in its amicus brief (i.e., expunging records for one offense, but not all offenses, within an arrest). *Id.* at 624.

In so holding, the supreme court expressly limited its holding to subsection (a)(1) of article 55.01, explaining it was not addressing subsection (a)(2). *Id.* at 623. While the supreme court acknowledged some intermediate courts of appeals had interpreted subsection (a)(2) as being "arrest-based," the court expressed no opinion on subsection (a)(2) because it involves "different factual situations" not at issue. *Id*.

### *Post-T.S.N. Opinions by Courts of Appeals*

Since *T.S.N.* was issued, several intermediate courts of appeals have cited to it, although only one, the Fourteenth Court of Appeals, has analyzed it in any substance. The cases are summarized below.

Our court has issued six expunction opinions since *TSN* was issued; only two address the merits of the expunction matter at issue.[1] *See Ex parte Vela*, No. 04-18-00464-CV, 2019 WL 1459429 (Tex. App.—San Antonio Apr. 3, 2019, no pet.) (mem. op.); *Ex parte Burton*, No. 04-17-00440-CV, 2018 WL 6624902 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (mem. op.). Only one cited *T.S.N.* for support. *See Vela*, 2019 WL 1459429, at *4.

In *Vela*, the petitioner sought expunction pursuant to article 55.01(a)(2) of the records and files relating to a March 14, 1994 arrest for burglary of a building. *Id.* at *1. The Department of Public Safety argued he was not entitled to expunction because (1) the charges stemmed "from the same arrest as the criminal trespass for which he served deferred adjudication probation," and (2) the charges had been dismissed only because the petitioner had pled guilty to the criminal trespass. *Id.* This court "look[ed] to the Texas Supreme Court's analysis in *T.S.N.* for guidance" and quoted it for the proposition that "records and files relating to '*the* offense' encompass the whole of the records and files relating to '*the* arrest.'" *Id.* at *4 (quoting *T.S.N.*, 547 S.W.3d at 621) (emphasis in original). This court then reasoned the petitioner was not entitled to expunction under subsection (a)(2):

---

[1] Of the others, three are per curiam opinions, with two dismissing the appeals and one granting a joint motion to reverse. *See Ex parte Perez*, No. 04-18-00560-CV, 2018 WL 5018761 (Tex. App.—San Antonio Oct. 17, 2018, no pet.); *Ex parte Rios*, No. 04-17-00652-CV, 2018 WL 4903070 (Tex. App.—San Antonio Oct. 10, 2018, no pet.); *Ex parte Garcia*, No. 04-18-00218-CV, 2018 WL 6516096 (Tex. App.—San Antonio Dec. 12, 2018, no pet.). The fourth opinion, *Ex parte J.A.G.*, No. 04-18-00218-CV, 2019 WL 2605627 (Tex. App.—San Antonio June 26, 2019, no pet. h.), held the petitioner was entitled to expunction of the offense of online solicitation of a minor because the statute was declared unconstitutional.

> Here, Vela's original charge was burglary of a building. As part of a plea agreement, he entered a plea of guilty to criminal trespass and the State dismissed the burglary of a building charge. Although the burglary of a building charge was dismissed, Vela served community supervision for the criminal trespass rendering Vela ineligible for expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *see also Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 681 (Tex. App.—Austin 2010, no pet.) (concluding "court-ordered community supervision" includes deferred-adjudication community supervision).

*Id.* Therefore, this court reasoned because Vela was "placed on community supervision for a *lesser-included offense* of burglary of a building, he [was] not entitled to expunction of the offense for which he was arrested." *Id.* (emphasis added). Thus, *Vela* is factually distinguishable from the facts of Petitto's case.

In *Burton*, 2018 WL 6624902, at *3-4, this court, without citing to *T.S.N.*, followed its own precedent by stating that subsection (a)(2) is "arrest-based" and held the petitioner was not entitled to expunge a dismissed charge because he pled to another charge arising from the same criminal episode.

Similarly, the Fifth Court of Appeals has issued several opinions re-affirming its prior precedent holding that subsection (a)(2) is "arrest-based" and thus a petitioner must show both charged offenses arising from the same arrest meet the expunction requirements. *See Ex parte Fallis*, No. 05-18-00348-CV, 2019 WL 350059, at *2 (Tex. App.—Dallas Jan. 29, 2019, no pet.) (mem. op.) (not citing *T.S.N.*); *Ex parte Bradshaw*, No. 05-17-01424-CV, 2018 WL 6065099, at *3 (Tex. App.—Dallas Nov. 20, 2018, no pet.) (mem. op.) (citing *T.S.N.* only for general expunction law); *In re Hoover*, No. 05-16-01363-CV, 2018 WL 2926143, at *3 (Tex. App.—Dallas June 7, 2018, pet. denied) (mem. op.) (same).

The Second and Twelfth Courts of Appeals have also issued opinions re-affirming their prior holdings that subsection (a)(2) is "arrest-based," merely citing *T.S.N.* for general expunction law or noting that *T.S.N.*'s holding was expressly limited to subsection (a)(1). *See, e.g., Ex parte*

*J.L.*, No. 02-17-00406-CV, 2018 WL 4183081, at *3 (Tex. App.—Fort Worth Aug. 31, 2018, no pet.) (mem. op.); *Ex parte C.Z.D.*, No. 12-17-00373-CV, 2018 WL 3041145, at *2 (Tex. App.—Tyler June 20, 2018, no pet.).

The Third, Seventh, and Thirteenth Courts of Appeals have issued expunction opinions that are either factually different or do not address the substance of *T.S.N. See Ex parte J.D.F.*, No. 07-17-00202-CV, 2019 WL 1941341, at *2 (Tex. App.—Amarillo May 1, 2019, no pet.) (mem. op.) (holding petitioner did not present evidence he was entitled to expunction under article 55.01(a)(2)); *Ex parte D.S.*, No. 07-18-00399-CV, 2019 WL 2134030, at *2 (Tex. App.—Amarillo May 15, 2019, no pet.) (mem. op.) (recognizing the significance of *T.S.N.* but concluding the appeal did not depend on "the essence of *T.S.N.* or whether the trial court should have utilized an arrest-based analysis"); *see also Tex. Dep't of Pub. Safety v. J.W.M.*, No. 03-17-00792-CV, 2018 WL 6519696, at *3 (Tex. App.—Austin Dec. 12, 2018, no pet.) (mem. op.) (holding defendant failed to prove his indictment was dismissed "as void" as he pled in expunction petition); *Ex parte F.T.K.*, No. 13-16-00535-CV, 2018 WL 2440545, at *3-4 (Tex. App.—Corpus Christi–Edinburg May 31, 2018, no pet.) (mem. op.) (holding defendant was not entitled to expunction under subsection (a)(1) where he was acquitted of the greater aggravated assault offense but convicted of the lesser-included offense of simple assault; subsection (c) barred the expunction for the acquittal because the offenses were part of the same criminal episode).

The Fourteenth Court of Appeals is the only court to apply *T.S.N.* to subsection (a)(2) and hold that an expunction was allowed for an individual offense arising from a multi-charge arrest. *See Ex parte N.B.J.*, 552 S.W.3d 376 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In a case factually similar to *T.S.N.*, the Fourteenth Court of Appeals held that subsection (a)(2) of article 55.01 authorizes parceling of individual offenses within a single arrest for expunction purposes.

*Id.* at 384. Specifically, the court applied subsection (a)(2)(B) in which future prosecution is barred by expiration of the limitations period. *Id.* (explaining that "it is undisputed that prosecution of N.B.J. for the subsequent charge is no longer possible"). The court "construe[d] the phrase 'all records and files relating to the arrest' as referring to the arrest records stemming from each individual offense or charge, at least when the charges are unrelated." *Id.* Thus, the court "depart[ed] from [its] sister courts that have interpreted article 55.01(a)(2) as providing expunction only on an overall 'arrest-based' basis." *Id.* Instead, according to the court, "the 'statute provides that one arrest for multiple offenses equates to multiple arrests . . . each arrest tied to its own individual offense.'" *Id.* (quoting *T.S.N.*, 547 S.W.3d at 621).

In *N.B.J.*, the Fourteenth Court of Appeals was clear that its analysis turned on the fact that the two charged offenses were *unrelated*, with the second occurring due to an outstanding arrest warrant as in *T.S.N. See N.B.J.*, 552 S.W.3d at 384. Two months later, the court reinforced the importance of whether the offenses were related, stating that a petitioner was "disqualified for an expunction [under subsection (a)(2)(A)] because his conviction for aggravated robbery arose out of the same transaction as his arrest for capital murder." *Ex parte Brown*, No. 14-17-00695-CV, 2018 WL 3977174, at *2 (Tex. App.—Houston [14th Dist.] Aug. 21, 2018, no pet.) (mem. op.) (the aggravated robbery offense was a *lesser-included offense* of the capital murder). In footnote four, the court explained that "[b]ecause this case involves related offenses under subsection (a)(2)(A), [its] analysis is not affected by the Texas Supreme Court's decision in *T.S.N.* or by our own court's decision in *N.B.J.*," both of which involved unrelated criminal conduct. *Id.* at *2 n.4. Thus, while *Brown* dealt with the same subsection applicable in Petitto's case, subsection (a)(2)(A), the factual situation is distinguishable from Petitto's because the petitioner in *Brown*

sought to expunge his arrest for capital murder even though he had been indicted for and convicted of the lesser-included offense of aggravated robbery, a felony. *See id.*

The Eighth Court of Appeals recently issued an opinion discussing *T.S.N.*'s holding that subsection (a)(1) permits a partial expunction on an acquitted charge and recognizing that there is a split among the courts of appeals on the issue of whether any part of subsection (a)(2) permits a charge-based approach. *In re J.G.*, No. 08-16-00116-CV, 2019 WL 2521496, at *2 (Tex. App.— El Paso June 19, 2019, no pet. h.) (internal citations omitted). After surveying the cases, including *N.B.J.*, the court concluded it was not necessary for it to resolve "the ultimate question of whether Subsection (a)(2) is charge-based or arrest-based" because the facts of the case would require the same result under either approach. *Id.* at *3. The court held that because J.G. pled to a single lesser-included offense arising from the same arrest and served a term of community supervision pursuant to the plea deal, he could not expunge the other two dismissed charges arising from the same arrest. *Id.* (stressing the charges were "related" and disposed of in the same plea deal).

### *Facts of Petitto's Case*

Petitto was stopped and arrested for DWI. A small quantity of marijuana was discovered in his vehicle during the search incident to his DWI arrest, leading to a charge for possession of marijuana as well. In both *T.S.N.* and *N.B.J.*, the second charge arose from an earlier, outstanding warrant discovered during the arrest on the first offense. *See T.S.N.*, 547 S.W.3d at 619; *N.B.J.*, 552 S.W.3d at 378. Here, Petitto was separately charged with two offenses that arose from the same arrest and the same transaction. *See* TEX. PENAL CODE ANN. § 3.01(1) (defining "criminal episode" in relevant part as "the commission of two or more offenses … pursuant to the same transaction").

The facts in Petitto's case are summarized below:

- There was a single arrest for two separate offenses.

- With respect to the DWI charge, he completed pretrial diversion and was released.

- With respect to the charge for possession of marijuana, he pled nolo contendere; the trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for nine months which he completed, after which the case was dismissed and non-disclosed.

- Both offenses are Class B misdemeanors.

- It is undisputed that the charge for possession of marijuana is not subject to expunction because Petitto completed a term of court-ordered community supervision.

- Petitto sought expunction of the DWI "offense" under article 55.01(a)(2)(A) because:
  (i)    He was released;
  (ii)   No final conviction on the DWI "charge" resulted, no charge is pending, and no future prosecution is possible; and
  (iii)  No community supervision on the DWI "charge" was ordered by the court.

- Further, under subsection (A)(ii)(b) of article 55.01(a)(2), an indictment or information charging him with a misdemeanor … arising out of the same transaction for which he was arrested was presented after the arrest, but was dismissed because he completed a pretrial intervention program.

In opposing the petition for expunction, the State argued that in order for Petitto to be entitled to an expunction of the "arrest," "*all* charges arising from the arrest" must meet the requirements of article 55.01. (emphasis added). Relying on precedent from this court, as well as the Second and Third Courts of Appeals the State argued article 55.01 "does not address or make allowances for expunction of individual offenses stemming from an arrest."

The expunction hearing was held on June 28, 2018, shortly after the *T.S.N.* opinion was issued.[2] At the hearing, Petitto testified and the order of dismissal on his DWI charge was admitted. Over Petitto's objection, the State was allowed to use information about the possession of

---

[2] On May 11, 2018, the same day *T.S.N.* was issued by the supreme court, Petitto filed an amended petition for expunction.

marijuana charge arising from the same arrest, even though the possession charge was subject to an order of nondisclosure based on Petitto's successful completion of the deferred adjudication community supervision term. (*See* Part II of this opinion). The State argued that, based on precedent from this court and other intermediate appellate courts, both offenses arising from the single arrest had to meet the statutory requirements for an expunction, and the offenses could not be parceled out of the single arrest. That is, the State relied on an "arrest-based" interpretation of article 55.01 as a whole. The State argued Petitto was therefore not entitled to an expunction of the DWI because he could not prove there was "no court-ordered community supervision" for the possession offense. At the hearing, no party cited *T.S.N.* as relevant authority.

The trial court denied the petition for expunction. The trial court followed this court's *Ryerson* opinion in applying an "arrest-based" interpretation of the statute and requiring that all offenses arising from a single multi-charge arrest meet the requirements for an expunction "of the arrest."

### *Application of T.S.N. to the Facts of Petitto's Case*

Here, the issue before the panel involves the application of *T.S.N.* to our existing precedent stating that article 55.01, in its entirety, is arrest-based. This is an issue of first impression for this court. Specifically, the issue in Petitto's case is whether *T.S.N.* changes this court's prior interpretation of subsection (a)(2)(A) as arrest-based. The applicable principles from *T.S.N.* pertaining to Petitto's case are as follows:

(1) Article 55.01's statutory scheme is neither fully "arrest-based" nor "offense-based;" instead, it depends on the particular subsection and the factual situation; and

(2) Article 55.01's statutory scheme does permit a "partial expunction" of the records, i.e. divisibility of offenses within an arrest, in certain situations; in *T.S.N.*, the defendant was entitled, pursuant to subsection (a)(1)(A)'s acquittal scenario, to a "partial expunction" of the records relating to the expungeable offense arising from a multi-charge single arrest.

*See T.S.N.*, 547 S.W.3d at 623-24. Thus, the supreme court in *T.S.N.* impliedly held the right to expunction under (a)(1)(A) is "offense-based," and not arrest-based. As noted, subsection (a)(2) was not before the court and it did not address (a)(2).

Interpreting the statutory language of article 55.01(a)(2)(A) in light of *T.S.N.*, we must begin with the plain meaning of the statutory language used in that subsection and interpret it "as a cohesive, contextual whole with the goal of effectuating the legislature's intent." *T.S.N.*, 547 S.W.3d at 620. We must also presume the legislature intended a "just and reasonable result." *Id.*

Looking at article 55.01's plain language, it could be argued that the legislature's reference to "the charge" and "the offense" in subsection (a)(2) means that the entire subsection (a)(2) is offense-based. Subsection (a)(2) was amended in 2011 to provide that a person is entitled to expunge all records and files relating to the arrest if he was released and the charge did not result in a conviction and is no longer pending, and there was no court-ordered community supervision "for *the* offense." *See K.R.K.*, 446 S.W.3d at 542-43 (noting the former version stated "*any* offense") (emphasis added). This court, however, in *K.R.K.* rejected that argument and reaffirmed that *all* charges arising from the same arrest must meet the requirements for expunction, i.e., an "all or nothing" approach. *Id.* at 543-44. The majority of our sister courts of appeals have agreed, and even after the issuance of *T.S.N.*, several continue to espouse the arrest-based interpretation of subsection (a)(2). As noted, only the Fourteenth Court of Appeals has applied an offense-based approach to (a)(2) after *T.S.N.*, and that case was factually the same as *T.S.N.*

In light of *T.S.N.*'s guidance, along with legislative changes made in 2011, I believe the Fourteenth Court of Appeals was correct in applying an "offense-based" interpretation to subsection (a)(2). Thus, in my opinion, the plain statutory text of subsection (a)(2)(A) permits us

to view Petitto's charges individually. With that foundation, I conclude that Petitto's two offenses are divisible and Petitto was entitled to expunction of the DWI.

If the majority had held that Petitto's DWI offense was independently expungeable, then it would not need to reach the issue concerning use of the nondisclosed-offense (i.e., the possession) at the expunction hearing; the fact that Petitto pled nolo contendere and received deferred adjudication/community supervision on the possession offense would not be relevant to the expunction analysis. However, because the majority did not so hold, the use of the offense subject to the nondisclosure order must be addressed.

## II.    STATE'S USE OF POSSESSION OFFENSE SUBJECT TO NONDISCLOSURE ORDER

At Petitto's expunction hearing, the trial court allowed the State, in opposing the petition for expunction on the DWI offense, to use the information about the possession charge for which Petitto received deferred adjudication community supervision. Following Petitto's completion of the deferred adjudication community supervision, the possession case was dismissed and subsequently non-disclosed. The trial court ruled the nondisclosure order on the possession offense was not breached by the State's disclosure of the information during the expunction hearing because a nondisclosure order is directed at prohibiting agencies from disclosing the information to the public. The trial court stated that because Petitto brought his expunction petition in the district court, which is a public forum, the opposing party was entitled to use the nondisclosure information to contest the expunction.

On appeal, Petitto argues that, based on the plain statutory language, the trial court erred by allowing the State to use the information subject to the nondisclosure order. The State replies that section 411.0765 of the Government Code, in relevant part, permits a "criminal justice agency" to disclose criminal history record information subject to an order of nondisclosure to

"other criminal justice agencies" or "for criminal justice . . . purposes." TEX. GOV'T CODE ANN. § 411.0765(a)(1), (2). The Government Code defines a "criminal justice agency" as a "federal or state agency that is engaged in the administration of criminal justice under a statute or executive order and that allocates a substantial portion of its annual budget to the administration of criminal justice." TEX. GOV'T CODE ANN. §§ 411.071, 411.082(3)(A). According to the State, its use of the information subject to the nondisclosure order was proper because (1) it was disclosing the information to a criminal justice agency, i.e. the district court; and (2) it was disclosing the information for criminal justice purposes. The majority opinion merely states that it disagrees with these two arguments brought by the State but does not go further by providing reasoning for its disagreement.

The State first argues that the Department of Public Safety and the Kerr County Attorney (who represented the State at the hearing) fall within the definition of "criminal justice agencies" and their disclosure of the information subject to the nondisclosure order was authorized because the disclosure was made to another "criminal justice agency"–the district court. *See id.* § 411.0765(a)(1). In other words, the State argues the district court is also a "criminal justice agency." The State, however, cites no authority for this proposition. And, its argument is undermined by the next part of the statute, subsection (b), which states a criminal justice agency may disclose such information "to the following *non*criminal justice agencies or entities only: . . . (7) *a district court regarding a petition for name change* under Subchapter B, Chapter 45, Family Code." *See id.* § 411.0765(b)(7) (emphasis added). Thus, subsection (b) explicitly refers to "a district court" as a "*noncriminal* justice agencies or entities." *Id.* (emphasis added). Further, subsection (b) expressly permits disclosure of criminal history record information to a district court only with regard to "a petition for name change" under the Family Code. *Id.*

Further, looking at the statutory chapter as a whole, section 411.076, which immediately precedes 411.0765, specifically addresses a court's disclosure of information subject to a nondisclosure order. *See* TEX. GOV'T CODE ANN. § 411.076. Section 411.076 prohibits "[a] court [from] disclos[ing] to the public any information contained in the court records that is the subject of an order of nondisclosure of criminal history record information issued under this subchapter." *Id.* Section 411.076 then expressly allows "the court" to disclose such information to "criminal justice agencies for criminal justice or regulatory licensing purposes" or to "an agency or entity listed in Section 411.0765." *Id.* That the legislature provided for this separate section addressing when a court may disclose such information further supports the conclusion that the legislature did not intend a court to be considered a "criminal justice agency" under section 411.0765(a)(1).

In its second argument, the State asserts that, as a criminal justice agency, it was authorized to reveal the information subject to nondisclosure to the district court because it was done for "criminal justice purposes." *See id.* § 411.0765(a)(2). "Criminal justice purpose" is defined in relevant part as "an activity that is included in the administration of criminal justice." *Id.* §§ 411.071, 411.082(4)(A). "Administration of criminal justice" "has the meaning assigned by article 66.001" of the Texas Code of Criminal Procedure. *Id.* § 411.082(1). Article 66.001 in turn defines "administration of criminal justice" as "the detection, apprehension, detention, pretrial release, post-trial release, prosecution, adjudication, correctional supervision, or rehabilitation of an offender." TEX. CODE CRIM. PROC. ANN. art. 66.001(1).[3] This term "includes ***criminal identification activities*** and the ***collection, storage, and dissemination*** of criminal history record

---

[3] Article 66.001 became effective on January 1, 2019. *See* Acts 2017, 85th Leg., ch. 1058 (H.B. 2931), § 1.03, eff. Jan. 1, 2019. However, the former article, article 60.01(1) also defined "administration of criminal justice" as "the performance of any of the following activities: detection, apprehension, detention, pretrial release, post-trial release, prosecution, adjudication, correctional supervision, or rehabilitation of an offender." Acts 1993, 73d Leg., ch. 790, § 37, *repealed by* Acts 2017, 85th Leg., Repealed by Acts 2017, 85th Leg., ch. 1058 (H.B. 2931), § 5.01(3), eff. Jan. 1, 2019. Thus, although article 60.01 was repealed, the definition of "administration of criminal justice" remained the same.

information." *Id.* (emphasis added). Thus, the State's argument boils down to an assertion that its disclosure of the information to the district court during the expunction hearing was authorized as an activity included within the administration of criminal justice because it involved the "collection, storage, and dissemination of criminal history record information." According to the State, "[e]very agency involved in an expunction hearing is engaged in the administration of criminal justice by virtue of the fact that they collect, store or disseminate information about arrests, criminal charges, and dispositions," and "[i]f they were not . . . the petitioner would have no reason to serve them with an expunction petition." Finally, the State asserts that the ability to obtain a nondisclosure order for an offense does not equate to the ability to obtain an expunction. It relies on *Ryerson*, in which this court stated that an important difference between nondisclosure orders and expunction orders is that nondisclosure orders allow information regarding the offense to be disclosed to various agencies and entities, while expunction orders prohibit any use of the expunged records. *See Ryerson*, 2016 WL 7445063, at *3 (concluding the legislature "was not absurd in establishing different statutory requirements for each type of order").

The ultimate question is whether an expunction hearing in district court is part of the "administration of criminal justice" within the meaning of the nondisclosure statute; in other words, whether the legislature intended for information subject to a nondisclosure order to be disclosable by a "criminal justice agency," i.e., here the Kerr County Attorney, in a contested civil expunction proceeding. This appears to be an issue of first impression.

Applying statutory interpretation principles to the plain language of section 411.0765(a)(2), the inclusion of "criminal justice" purposes in the same phrase as "regulatory licensing" purposes suggests an administrative function for the disclosure of the information. In addition, disclosure of criminal history information through the permitted activities of "collection,

storage, and dissemination" within the "administration of criminal justice" also suggests an administrative purpose for the disclosure, rather than the use of the information in an adversarial open court proceeding. In addition, the legislature's inclusion of only one limited situation for disclosure of such information to a district court in a civil matter, i.e., name-change purposes under the Family Code, supports the conclusion that if the legislature had wanted to allow disclosure of the information in another type of civil matter like an expunction hearing, it would have stated an express exception for that use.[4]

Reading the plain language of these relevant sections within the context of the entire statutory scheme for nondisclosure orders, and giving effect to the legislature's limited and very specific exception for disclosure to district courts, my view is that the intended purpose behind subsection (a)(1) and (2) is to allow disclosure only to "criminal justice agencies" for

---

[4] An Attorney General Opinion issued in 2017 sheds some light on the issue. *See* TEX. ATT'Y GEN. OP. NO. KP-0134 (2017). The opinion addresses a question concerning unrestricted access by employees of the Williamson district and county clerks' offices to information subject to nondisclosure orders. It discusses how the administrative process works after a nondisclosure order is issued, stating that: (i) first, the clerk of the court sends all relevant information contained in the nondisclosure order to DPS's Crime Records Service and the court clerk then seals any court records containing the information; (ii) second, DPS must seal the information it received and then send it, or a copy of the nondisclosure order, to all "law enforcement agencies, jails or other detention facilities, magistrates, courts, prosecuting attorneys, correctional facilities, central state depositories of criminal records, and other officials or agencies or other entities of this state or of any political subdivision of this state;" and (iii) third, those individuals and entities must seal any "criminal history record information" subject to the order that is maintained by them. *Id.* at *1 (citing TEX. GOV'T CODE ANN. § 411.075(b)(1), (d)). Then, a court or a "criminal justice agency" may disclose the sealed information subject to the nondisclosure order only as provided by statute. *Id.* In describing the limited instances when the statute permits disclosure of the sealed information, the opinion states disclosure is allowed only *"to criminal justice agencies for criminal justice or regulatory licensing purposes." Id.* (also including the exceptions for a subsection (b) entity or the subject of the order). That statement tracks the language of section 411.076(a)(1) pertaining to disclosures by a court. *See* TEX. GOV'T CODE ANN. § 411.076(a)(1) (disclosure by court is permitted only to "criminal justice agencies for criminal justice or regulatory licensing purposes"). The opinion, however, applies that instance of when disclosure is allowed to both a court and a "criminal justice agency." TEX. ATT'Y GEN. OP. NO. KP-0134, at *2. It does not acknowledge that the statute governing disclosure by a criminal justice agency breaks that phrase into two subparts. *See* TEX. GOV'T CODE ANN. § 411.0765(a)(1), (2) (disclosure by criminal justice agency is permitted only "(1) to other criminal justice agencies; (2) for criminal justice or regulatory licensing purposes; (3) … ; (4) … ; or (5) …."). Finally, the opinion notes that of the thirty-one "noncriminal justice agencies" listed for disclosure, the statute lists a district court only for name-change purposes and lists a county clerk's office only for appointment of a guardian. TEX. ATT'Y GEN. OP. NO. KP-0134, at *2 (noting the two "limited civil purposes" for disclosure under section 411.0765(b)(7), (25)). The opinion concludes that "as a general class" employees of a district or county clerk's office are not included within the exceptions for disclosure and advises that the county clerk should restrict access to only the employees who perform duties allowed under the statute.

administrative purposes such as "collection, storage, and dissemination" of such information, i.e., "for criminal justice purposes," and that does not include a district court.

## CONCLUSION

Based on the foregoing analysis, I would hold that Petitto's DWI offense is independently expungeable, separate and apart from the possession offense, and that the trial court erred in denying expunction based on the disposition of the possession offense that was subject to a nondisclosure order. Accordingly, I would reverse the trial court's order and render an order granting an expunction on Petitto's DWI offense.

Liza A. Rodriguez, Justice