**Affirmed and Majority and Dissenting Opinions filed August 13, 2020.**



**In the**

## Fourteenth Court of Appeals

### NO. 14-18-00823-CV

**R.G., Appellant**

**v.**

**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, Appellee**

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-41949**

### DISSENTING OPINION

The court holds that independent incidents of injury to a child occurring days apart constitute the "same transaction" for purposes of the expunction statute. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). I conclude that the court's analysis stretches the definition of "same transaction" too far.

I respectfully dissent.

The probable cause affidavit and indictment admitted into evidence discuss two separate incidents occurring three days apart.[1] According to the indictment, the first incident involved appellant "holding the Complainant by the legs against the rail of a play pen"; appellant confessed that his conduct on that day "resulted in the broken leg of the complainant." The second incident, occurring three days later, involved appellant "striking the Complainant with his hand"; appellant confessed that his conduct on that day "resulted in the broken ribs of the Complainant." Appellant was arrested and charged with two counts of causing serious physical injury and impairment to a child younger than 15 years of age.

The court concedes, as it must, that the mere fact the two charges stemmed from a single arrest does not compel the conclusion that the charged incidents are part of the same transaction. *See State v. T.S.N.*, 547 S.W.3d 617, 623–24 (Tex. 2018); *Ex parte N.B.J.*, 552 S.W.3d 376, 383–84 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (extending reasoning of *T.S.N.* to Code of Criminal Procedure article 55.01, section (a)(2)). The court nonetheless concludes that the two charged acts, which involved different conduct, resulted in different injuries, and occurred on different days, constitute the "same" transaction. I fail to see how that equation adds up. Indeed, the court's reading of "same transaction" for purposes of article 55.01 appears to depart from the very authority it cites as persuasive, in which the

---

[1] Seizing on language in the affidavit that the incidents occurred "on or before" October 1 and October 4, 1992, the court concludes that the incidents "occurr[ed] at most three days apart and potentially occurr[ed] the same day." At its outset, however, the probable cause affidavit definitively alleges that appellant "committed the offense of injury to a child–2 counts on October 1, 1992 and October 4, 1992" without qualification. Moreover, the court's conclusion fails as a logical proposition. Either the incidents occurred three days apart—and there is nothing in the record to suggest otherwise—or they occurred at indefinite times, under which circumstances it could just as easily be inferred that the incidents occurred weeks apart instead of on the same day. What cannot be true is that the "on or before" language is both definite in terms of setting the maximum span of time between the incidents at three days and indefinite in terms of determining when exactly the incidents occurred.

definition of "transaction" hinges on the "continuity" of the actions. *See Rios v. State*, 846 S.W.2d 310, 314 (Tex. Crim. App. 1992) (examining various formulations of "same transaction," including "a continuous and uninterrupted chain of conduct occurring over a very short period of time . . . in a rapid sequence of unbroken events" and "an uninterrupted and continuous sequence of events or assaultive acts"). Here, the court infers that appellant's two acts occurring days apart formed a "continuous" and "unbroken" series of events, despite the absence of evidence suggesting these were anything other than discrete, separate actions.

As I would hold that the two charged incidents were not part of the same transaction and that the trial court committed reversible error in denying appellant's petition for expunction, I respectfully dissent.

/s/  Charles A. Spain
    Justice

Panel consists of Justices Christopher, Jewell, and Spain (Jewell, J., majority).